# Exhibit 1

Complaint

Steven Friedland, Esq. (#170453)
5805 Sepulveda Blvd., #400
Sherman Oaks, CA 91411
Telephone: 818-908-6860
Email: steven.friedland@caine-weiner.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/25/2026 3:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Diaz, Deputy Clerk

Attorney for plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, NORTHWEST DISTRICT
(Unlimited Jurisdiction)

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP | Case No. 26VECV01141 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, UPON OPEN BOOK ACCOUNT, ACCOUNT STATED AND QUANTUM MERUIT |
| vs. | |
| HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive, | |
| Defendants. | |

Plaintiff alleges:

FIRST CAUSE OF ACTION
(Breach of Contract)

1.  At all material times hereto plaintiff, Stubbs Alderton & Markiles, LLP, has been a limited liability partnership carrying on business in the city of Sherman Oaks, county of Los Angeles, state of California.

PLAINTIFF'S COMPLAINT - 1

2.    Plaintiff is informed and believes and thereon alleges that at all material times hereto, defendant, HonorSociety.org Inc., has been a Nevada corporation transacting business with plaintiff in the city of Sherman Oaks, county of Los Angeles, state of California.

3.    Plaintiff is informed and believes and thereon alleges that at all material times hereto, defendant, Michael Moradian, has been an individual transacting business with plaintiff in the city of Sherman Oaks, county of Los Angeles, state of California.

4.    The true names and capacities of defendants named herein as Does 1 to 10 inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names; plaintiff will ask leave of court to amend this complaint to insert the true names and capacities of such fictitiously named defendants when they have been ascertained. Plaintiff alleges on information and belief that such defendants are responsible for the debts hereinafter alleged.

5.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the fictitiously and specifically named defendants herein was the agent, servant or employee of each of the remaining defendants and was at all times herein mentioned acting within the course and scope of such agency, authority and employment.

PLAINTIFF'S COMPLAINT - 2

6.    This action is not subject to the provisions of sections 1812.10 or 2984.4 of the California Civil Code.

7.    The obligations and claims sued upon herein were made and entered into and, by the terms thereof, were made payable in the instant judicial district.

8.    During the last four years, pursuant to a written agreement, plaintiff rendered services to defendants, at their request, in an amount of $486,221.45. Pursuant to said agreement, defendants agreed to pay interest at the rate of 10% per annum and attorney fees in the event of default. A copy of the agreement is attached hereto as exhibit "A".

9.    On or about December 31, 2025, plaintiff mailed notice of client's right to fee arbitration to defendants.  Defendants failed to respond.  A copy of the notice is attached hereto as exhibit "B".

10.  Plaintiff has performed all conditions and promises required to be performed in accordance with the terms and conditions of said contract.

11.  Defendants have breached the terms and conditions of said contract by failing to pay the agreed upon consideration.

12.  As a result of defendants' breach of said contract, plaintiff has incurred damages in the sum of $486,221.45 together with interest at the rate of 10% per annum from August 31, 2024.

PLAINTIFF'S COMPLAINT - 3

SECOND CAUSE OF ACTION
(Open Book Account)

13.  Plaintiff incorporates the allegations of paragraphs 1 through 12 of the first cause of action as though fully set forth.

14.  Within four years preceding the commencement of this action, at the defendants' special instance and request, defendants became indebted to plaintiff in the sum of $486,221.45 for a balance due on a book account as defined by section 337a. of the California Code of Civil Procedure for services rendered by plaintiff to defendants. No part of said sum has been paid, although demand has been made, and there is now due, owing and unpaid the sum of $486,221.45 together with interest at the rate of 10% per annum from August 31, 2024.

THIRD CAUSE OF ACTION
(Account Stated)

15.  Plaintiff incorporates the allegations of paragraphs 1 through 12 of the first cause of action as though fully set forth.

16.  Within four years preceding the commencement of this action, an account was stated by and between plaintiff and defendants, wherein it was ascertained, determined and agreed that defendants were indebted to plaintiff in the sum of $486,221.45 together with interest at the rate of 10% per annum from August 31, 2024 which amount remains unpaid despite defendants' promise to pay.

PLAINTIFF'S COMPLAINT - 4

FOURTH CAUSE OF ACTION
(Quantum Meruit)

17.   Plaintiff incorporates the allegations of paragraphs 1 through 12 of the first cause of action as though fully set forth.

18.   Within four years last past, plaintiff rendered services to defendants at the request of defendants, the value of which defendants agreed to repay therefor.

19.   The value of said services at the time of performance and delivery was $486,221.45.

20.   No part of the above sum has been paid although demand has been made therefor, and there is now due, owing and unpaid the said amount of $486,221.45 together with interest at the rate of 10% per annum August 31, 2024.

WHEREFORE, plaintiff respectfully prays for judgment against defendants as follows:

1.   For damages on the first, second, third and fourth causes of action in the amount of $486,221.45;

2.   For interest thereon at the rate of 10% per annum from August 31, 2024;

3.   For costs of suit incurred herein;

4.   For reasonable attorney fees; and

PLAINTIFF'S COMPLAINT - 5

5.    For such other and further relief as the court deems just and equitable.


Dated: February 25, 2026

*Steven Friedland*
Steven Friedland
Attorney for plaintiff

PLAINTIFF'S COMPLAINT - 6

 STUBBS ALDERTON & MARKILES, LLP

**Kevin D. DeBré**
Partner

| | |
|---|---|
| Direct Voice | 818.444.4521 |
| Direct Fax | 818.444.6321 |
| Mobile | 323.251.9929 |
| E-Mail | kdebre@stubbsalderton.com |

May 2, 2022

**VIA E-MAIL** *[mdmoradian@gmail.com]*

Attn: Mike Moradian
HonorSociety.org, Inc.
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135

Re:     **New Matter Letter; HonorSociety.org, Inc.**

Dear Mike:

We are pleased to represent HonorSociety.org, Inc. and you, as an individual ("you" or "clients") in connection with your dispute with Phi Theta Kappa Honor Society.

We will provide those legal services reasonably required to represent you in connection with the action identified above and will keep you informed of our progress and respond to all inquiries. We are not undertaking, in this matter or for purposes of any conflict of interest analysis, to represent, or to assume any duties to, any individual other than you or any other entity who may be affiliated with or otherwise related to you or any affiliated or related entity.

All attorneys and paralegals who will work on the matter have been assigned an hourly rate and will separately record their time. I will be supervising this matter. The hourly rates to be applied to this matter are those as set forth on the attached schedule. All hourly rates will be billed in increments of 1/10 an hour. The firm will charge for services undertaken in providing legal services under this Agreement, including but not limited to telephone calls, preparation and participation in meetings and other activities, preparation and review of correspondences and other documents, legal research, court appearances, travel to and from court, waiting time in court and other time spent by us in connection with our representation of you. The legal personnel assigned to the matter will confer amongst themselves about the matter as required. When they do confer, each person will charge for the time expended. The Firm will charge for travel time, both local and out of town (to the extent such charges apply). Our fees will be determined by multiplying the number of hours devoted to the matter by our applicable billing rates.

We reserve the right to change our hourly rates by giving you at least 30 days written notice, in which event the hourly rates set forth in said notice shall be the new hourly rates applicable to any matters for which we are currently representing you. In that regard, we advise you that it is our standard billing practice to increase the billing rate for our associates each year within our

"A"



HonorSociety.org, Inc.
May 2, 2022
Page 2

existing rate structure to reflect an additional year of experience and seniority in the practice of law, without sending a separate notice.

We will incur various costs and other charges in performing legal services under this Agreement. You agree to pay for those costs and other charges in addition to the hourly fees. The costs and other charges commonly incurred include process servers' fees, fees fixed by law or assessed by courts and other public agencies, court reporters' fees, witness fees, overnight mail, messenger and other delivery fees, charges for computer research, data storage, retrieval and management, investigation expenses, mileage and parking, travel expenses, including transportation, meals, lodging and all other costs of any out-of-town travel, material photocopying and other reproduction costs, clerical staff overtime, and other similar items. Disbursement amounts in excess of $500.00 will be routed directly to you for direct payment.

You have agreed to pay us a fee deposit in the amount of $15,000.00, payable upon execution of this Agreement. Payment of billable hourly attorneys' fees, costs and other charges incurred shall be paid monthly, and are due upon receipt of each monthly statement. If you prefer to pay by credit card, please note that a 3.5% processing fee will be added. If our bills are not paid within 30 days after the date of the invoice, we may declare the account delinquent. If you have an objection to a statement or any portion thereof, you must tell us within 10 days of receipt of any statement. In the absence of any written objection by you to a statement, or any portion thereof, the statement will be deemed acceptable as and when billed. If we declare the account delinquent, we may immediately discontinue rendering legal services. We will also charge interest on all amounts owed to us at a rate of 10% per annum compounded annually from the date that you are notified that your account is delinquent until all outstanding statements are paid, provided that such interest rate may not exceed the maximum rate permitted by applicable law. If the account is delinquent, any payments that are made will be applied first to any accrued interest and then to amounts owed under the outstanding statements in chronological order. If we declare your account delinquent, we are also entitled to be reimbursed for any costs that we incur in collecting the past due statements.

Two points already covered above, that nonetheless deserve emphasis with respect to the fee deposit: First, when we send our first invoice (and any subsequent invoices), we do expect (and you should expect) that we will *not* deduct the then-amount owing from the fee deposit – that would not be our common practice, as it is to be held as an "evergreen". Second, in advance of any unforeseen event that we believe will cause you to incur substantial fees beyond those we now contemplate, we will request an increase of that deposit to a level commensurate with the anticipated fees, costs and other charges expected to be incurred in connection with that event.

If our representation of you involves actual or reasonably anticipated litigation, you have a duty to take affirmative steps to preserve all potentially relevant evidence, including both paper documents and electronically stored information (such as email, text messages, word processing documents, spreadsheets, databases, calendars, voice mail and other computer network information) that may be relevant to the litigation on both business and non-business computers,



HonorSociety.org, Inc.
May 2, 2022
Page 3

hand-held devices, tablets, etc. For that reason, you must: (1) immediately suspend any document destruction programs to the extent such programs might lead to the destruction of evidence that may be relevant to the litigation; and (2) continue the preservation of such evidence until the litigation is resolved. Ensuring the preservation and retention of all potentially relevant evidence is not an easy task, but there can be severe consequences from even an inadvertent failure to do so. We are available to consult with you regarding an appropriate "litigation hold" and retrieval program on all reasonable sources of potentially relevant information.

From time to time, after obtaining your consent, we may engage various experts in the course of our representation of you, including other attorneys with legal specialties outside of our core areas of practice. Such an arrangement may protect the services that such experts perform under the attorney work-product doctrine. If we engage any such experts, you will rely solely on them with respect to their advice and will remain primarily responsible for paying their fees and expenses.

In connection with this and any other matter we are engaged on your behalf, you grant us a lien for unpaid attorneys' fees against any recovery, award, settlement or judgment, or any money, assets or other consideration arising out of or relating to all work performed for you or for matters for which we are representing you. This lien survives any termination of our representation of you. This lien acts as security for payment due to us by you. This lien secures any sums due and owing to us for fees and costs incurred during the period that we are performing any services for you or representing you in any matter, whether during or after the conclusion of our services, plus any interest due thereon. You may seek the advice of an independent lawyer of your choice regarding this lien and the terms of this Agreement. By signing this Agreement, you acknowledge that you have been so advised and given a reasonable opportunity to seek that advice. The legal fees and fee arrangements set forth in this letter are not set by law but are negotiable (and have been negotiated).

Nothing in this Agreement and nothing in any statement made to you during the course of our representation shall be construed as a promise or guarantee about the outcome of this matter. We make no such promises or guarantees. If we provide an "estimate" to you of fees and/or costs it is just that, an "estimate" and nothing more. Under no circumstances shall any estimate be construed by you or anyone as a "cap" on our fees and/or costs.

In fulfilling our professional obligations, the firm may from time to time wish to consult with its own internal or outside counsel regarding matters relating to this representation. By accepting this letter, you hereby consent to such consultations, waive any conflict of interest that may be deemed to arise between the firm and you from the fact of any such consultations, and agree that the substance of any such consultations need not be shared with you and will be treated as attorney-client privileged communications between the firm and its counsel and/or as attorney work product subject to the protections of the work product doctrine.



HonorSociety.org, Inc.
May 2, 2022
Page 4

We look forward to a productive and enduring relationship. It is understood, however, that subject to ethical rules, you or we may terminate our representation at any time, with or without cause, at which time all fees and expenses associated with our representation will be immediately due and payable. Absent termination as described above, our representation shall be deemed concluded upon completion of our work in this matter. Once our engagement has concluded, it is understood and agreed that we will have no continuing duty to advise you regarding future developments, deadlines, or changes in law that may be relevant to its matter or to provide future legal services in connection with this matter, unless we agree to provide such advice or services pursuant to a further written agreement with you.

Unless otherwise agreed, in the event that any third-party seeks production of your materials from our files or testimony from any of our lawyers concerning this matter, whether during or after our representation you agree to reimburse us at our then prevailing rates for any reasonable fees and expenses we may incur in connection therewith.

At the conclusion of this matter if you have not accepted the release of your papers and property to you, we may store your papers and property during which time we shall bill you, semi-annually for storage-related costs and payment shall be due upon receipt of the bill. Further, at the conclusion of this matter, if you have not sought or agreed to accept the return of your papers and property within five years of said conclusion, we may at our sole discretion destroy any of the papers or property in our possession.

Please sign this Agreement in two places – on behalf of yourself and HonorSociety.org, Inc. – and return a copy to me. Thank you for giving us the opportunity to represent you. Please feel free to call if you have any questions or comments about this Agreement or about our engagement.

Very truly yours,

Kevin D. DeBré

*[Signature Page to Follow]*

HonorSociety.org, Inc.
May 2, 2022
Page 5

## WE AGREE TO THE TERMS OF REPRESENTATION SET FORTH ABOVE:

HONORSOCIETY.ORG, INC.

Date: _____May 3_____, 2022          By: _Michael Moradian_____

Its:

MICHAEL MORADIAN

Date: _May 3_____, 2022          _Michael Moradian_____



# Notice of Client's* Right To Fee Arbitration

Client's Name:    HonorSociety.Org Inc. and Michael Moradian    Attorney's Name:    Jeffrey F. Gersh/Stubbs Alderton & Markiles

Client's Address:    See attached Proof of Service    Attorney's Address:    15260 Ventura Blvd., 21st Floor

Client's City, State & Zip:    Attorney's City, State & Zip:    Sherman Oaks, CA  91403

You have an outstanding balance for fees and/or costs for professional services in the amount of  $478,749.45
charged to you in the matter of  Phi Theta Kapp Honor Society, USDC, Mississippi, Case No. 3:22-cv-208-CWR-FKB

☐ I have filed a lawsuit against you in the:    Court: _____    Case No.: _____
                                                Address: _____

☐ I have filed an arbitration proceeding against you with the:    Agency: _____    Case No.: _____
                                                                  Address: _____

☑ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN **30 DAYS** FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

⊙ There is a local program which may have jurisdiction to hear this matter. The arbitration program listed below is available to you:

Name of Program:    ACMAS, Los Angeles County Bar Association
Address:    P.O. Box 55020
City, State & Zip:    Los Angeles, CA 90055-2020
Telephone No.:    (213) 896-6426

You may wish to check the State Bar's website at www.calbar.ca.gov to see if there are other programs available to you.

○ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020

Date:  December 31, 2025    Attorney: _____

*The request for arbitration may also be made by a person who is not the client but who may be liable for or entitled to a refund of attorney's fees or costs.    (Mandatory State Bar Approved Form Rev. March 2013)

"B"

## ATTACHMENT TO NOTICE OF CLIENT'S RIGHT TO FEE ARBITRATION

### PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15260 Ventura Blvd., 21st Floor, Sherman Oaks, California 91403.

On December 31, 2025 I served the document(s) described as **NOTICE OF CLIENT'S RIGHT TO FEE ARBITRATION** on the interested parties in this action as follows:

☒ **(BY CERTIFIED MAIL)** I am personally and readily familiar with the business practice of Stubbs Alderton & Markiles, LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California to the address(es) set forth below.

☐ **(BY OVERNIGHT DELIVERY)** I am personally and readily familiar with the business practice of Stubbs Alderton & Markiles, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by FedEx for overnight delivery.

☐ **(BY PERSONAL DELIVERY)** By causing true copies of the document(s) listed above to be personally served at the address(es) set forth below on this date by First Legal Support Services.

☐ **(BY ELECTRONIC SERVICE)** By electronically mailing a true and correct copy through Stubbs Alderton & Markiles, LLP's electronic mail system to the email addresses set forth below.

**SEE ATTACHED SERVICE LIST**

Executed on December 31, 2025 at Sherman Oaks, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Roberta Myers

PROOF OF SERVICE

ATTACHMENT TO NOTICE OF CLIENT'S RIGHT TO FEE ARBITRATION

## SERVICE LIST

Michael Moradian, Individually
10100 W. Charleston Blvd., Ste 250
Las Vegas, NV 89135

HonorSociety.Org Inc.
c/o Michael Moradian
4471 Dean Martin Drive, Ste. 3606
Las Vegas, NV 89103

HonorSociety.Org Inc.
c/o Santoro Whitmire, Agent for Service of Process
10100 W. Charleston Blvd., Ste 250
Las Vegas, NV 89135

HonorSociety.Org Inc.
c/o Glendon Law Group, Agent for Service of Process
9275 W. Russell Rd., Ste 235
Las Vegas, NV 89148

SERVICE LIST