MARC J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants and Counterclaim-Plaintiffs, HonorSociety.org Inc. and Michael Moradian*

RANDAZZA | LEGAL GROUP

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. 2:26-cv-04098-PD<br><br>**Defendants and Counterclaim-Plaintiffs Honorsociety.org Inc. and Michael Moradian's Answer and Counterclaim**<br><br>Trial Date: Not Yet Set |

Defendants Honorsociety.org Inc. and Michael Moradian ("Defendants") answer the Complaint filed by Stubbs Alderton & Markiles, LLP as follows:

//

//

//

RANDAZZA | LEGAL GROUP

# ANSWER

## FIRST CAUSE OF ACTION

(Breach of Contract)

1. Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph. As such, Defendants deny the allegations. In particular, it does not appear that Plaintiff is, or has ever been, a registered entity with the California Secretary of State.

2. Admitted that HonorSociety.org Inc. is and has been a Nevada corporation that transacted business with Plaintiff. As to the remaining allegations, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph, and thus deny them.

3. Admitted that Michael Moradian is and has been an individual that transacted business with Plaintiff. As to the remaining allegations, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph, and thus deny them.

4. Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph. As such, Defendants deny the allegations.

5. Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph. As such, Defendants deny

the allegations.

6. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph, and as such deny them.

7. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph, and as such deny them.

8. Admitted that Defendants executed the document appearing at Exhibit "A" to the Complaint, which speaks for itself. The remainder of the paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in this paragraph. As such, Defendants deny the allegations.

10. Denied.

11. Denied.

12. Denied.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

SECOND CAUSE OF ACTION

(Open Book Account)

13. Defendants repeat and reallege their responses to Paragraphs 1-12 as if fully set forth herein.

14. Denied.

THIRD CAUSE OF ACTION

(Account Stated)

15. Defendants repeat and reallege their responses to Paragraphs 1-12 as if fully set forth herein.

16. Denied.

FOURTH CAUSE OF ACTION

(Quantum Meruit)

17. Defendants repeat and reallege their responses to Paragraphs 1-12 as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants' affirmative and other defenses, as set forth herein, are based solely upon Plaintiff's allegations in its Complaint, which do not describe events

with sufficient particularity to enable Defendants to determine each and every defense which might exist to Plaintiff's claims. Defendants reserve the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative and other defenses asserted herein as additional information is obtained by Defendants.

Defendants assert the affirmative and other defenses set forth below, each as separate and distinct defenses to Plaintiff's causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Defendants, that denial does not indicate that Plaintiff is relieved of its burden to prove each and every element of such claims, or that Defendants have assumed any burden of proof. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case and hereby reserve the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, the parties have not conducted discovery.

1. Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own actions.



RANDAZZA | LEGAL GROUP

4. Plaintiff's damages, if any, are not attributable to any act, omission, or other conduct on the part of Defendants.

5. Plaintiff's claim fails for failure of consideration. Defendants made payment for all amounts reasonably billed.

6. Plaintiff's claim is void and unenforceable for violation of public policy, namely Miss. R. Prof. Conduct 1.5(a) or, in the alternative, Nev. R. Prof. Conduct 1.5(a), or in the alternative to that, Cal. R. Prof. Conduct 1.5(a) & (b).

## COUNTERCLAIM

Counterclaim-Plaintiffs HonorSociety.org Inc. ("Honor Society") and Michael Moradian bring this Counterclaim against Counterclaim-Defendant Stubbs Alderton & Markiles, LLP and allege as follows:

### The Parties

1. Counterclaim-Plaintiff Honor Society is a corporation formed under the laws of Nevada and with its principal place of business in Nevada. It is a citizen of Nevada.

2. Counterclaim-Plaintiff Michael Moradian is a citizen and resident of Nevada.

3. On information and belief, Stubbs Alderton & Markiles LLP is a law firm located in Sherman Oaks, California, though it is not, and has never been,

RANDAZZA | LEGAL GROUP

registered with the California Secretary of State. Its partners are all citizens of California.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over this Counterclaim under 28 U.S.C. § 1332, as there is complete diversity between Counterclaim-Plaintiffs and Counterclaim-Defendant, and the amount in controversy exceeds $75,000.

5. This Court may exercise personal jurisdiction over Counterclaim-Defendant because it and all its partners are citizens of California and reside in California. Furthermore, Counterclaim-Defendant filed the original state-court Complaint in California stemming from the same transactions and occurrences.

6. Venue is proper in this District under 28 U.S.C. § 1446, as this is the district and division in which Counterclaim-Defendant's state-court action was pending at the time of removal. Venue is otherwise proper per 28 U.S.C. § 1391(b) as Counterclaim-Defendant resides in this District.

**Facts Common to All Claims**

7. Counterclaim-Plaintiff Honor Society was a party in a lawsuit filed by Phi Theta Kappa Honor Society in the U.S. District Court for the Southern District of Mississippi, No. 3:22-cv-00208 (the "S.D. Miss. Case").

8. On or about May 3, 2022, Counterclaim-Plaintiffs retained Counterclaim-Defendant to represent Honor Society in the S.D. Miss. Case. Michael



RANDAZZA | LEGAL GROUP

Moradian, as Honor Society's CEO, signed the retainer agreement in his own capacity and on behalf of Honor Society. A true and correct copy of the retainer agreement is attached to the Complaint (ECF No. 1-1 at 8–12).

9. In accordance with this retainer agreement, Counterclaim-Defendant provided some legal services to Counterclaim-Plaintiffs in the S.D. Miss. Case.

10. Specifically, Attorneys Michael A. Bernet and Daniel Rozansky, attorneys employed by Counterclaim-Defendant, entered their appearances *pro hac vice* on June 13, 2022

11. During the course of their representation, Bernet and Rozansky undertook a failed strategy, raising counterclaims and third-party claims that were largely doomed and dismissed. Any reasonably competent attorney would not have undertaken such a strategy and would not have advised their client to undertake such a strategy.

12. During the course of the representation, Counterclaim-Defendant transferred eDiscovery platforms firm-wide, causing duplication of efforts performed on the prior system and Counterclaim-Defendant's learning curve to be unreasonably billed to Counterclaim-Plaintiffs. This waste of effort was most egregious in that transferring the platform mid-litigation caused the outright loss of significant work in categorizing and organizing discovery documents, which had to be replicated

13. At no point during its representation did Counterclaim-Defendant obtain Counterclaim-Plaintiffs' informed consent to this eDiscovery transition or the predictable increase in billing it caused.

14. Counterclaim-Defendant regularly provided monthly bills to Counterclaim-Plaintiffs during its representation, which included descriptions of the work its attorneys and staff allegedly performed.

15. These services were both deficient and excessively billed.

16. There were several motions and other filings that Counterclaim-Plaintiff advised Counterclaim-Defendants to file and actually filed, which were either unnecessary or actively harmed Honor Society's litigation position, including as previously described.

17. A reasonably competent attorney or law firm would not have advised Counterclaim-Plaintiffs to file or actually filed such documents.

18. Counterclaim-Defendant's billing entries show multiple timekeepers working in parallel on overlapping tasks, showing an unjustifiable duplication of efforts for no purpose other than artificially inflating the bill to Counterclaim-Plaintiffs.

19. Counterclaim-Defendant's billing records show that its senior attorneys, billing at higher rates, regularly billed for routine tasks such as document review and other discovery work that should have been performed by lower-level

attorneys or support staff. Counterclaim-Defendant did this for the purpose of artificially inflating the bill to Counterclaim-Plaintiffs.

20. Counterclaim-Defendant's billing records show that it staffed the S.D. Miss. Case with multiple senior and junior attorneys on the same issues, with significant billed time attributed to unnecessary internal communications and meetings. Counterclaim-Defendant did this for the purpose of artificially inflating the bill to Counterclaim-Plaintiffs.

21. At no point during its representation did Counterclaim-Defendant obtain Counterclaim-Plaintiffs' informed consent to the above staffing decisions or billing practices, which had the predictable effect of significantly increasing billing for no justifiable reason.

22. By early 2024, it had become apparent to Counterclaim-Plaintiffs that Counterclaim-Defendant was billing excessively for little value. Counterclaim-Defendant thus retained the services of the law firm Newman LLP in March 2024 to take over as lead counsel.

23. By this time, Counterclaim-Defendant's role in the S.D. Miss. Case had been severely reduced and it was almost exclusively handling discovery issues. By its own admission, Counterclaim-Defendant's "involvement in the case effectively ceased by late April/May, 2024."



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

24. Despite Counterclaim-Defendant no longer being involved in the S.D. Miss. Case, it continued to bill Counterclaim-Plaintiffs significant amounts every month from March to August 2024, resulting in an asserted total bill of $486,221.45.

25. For example, Counterclaim-Plaintiff claimed 331.10 hours of time in April 2024, including 61.10 hours for Attorney Rozansky and 137.50 hours for Attorney Bernet, and 118.10 hours of time in May 2024, including 71.20 of Attorney Bernet's time.

26. Attorneys Bernet and Rozansky's appearances in the S.D. Miss. Case were terminated on August 27, 2024.

27. Counterclaim-Defendant did not actually perform this work or, if it provided any of the claimed services, it grossly overbilled for such work.

**First Claim for Relief[1]**

Breach of Contract

28. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 1-27 of this Counterclaim as if set forth fully herein.

[1] All claims are brought under the law of Mississippi as the purpose of the agreement and the work product arose from and were directed to the Mississippi dispute and the dealings with the Mississippi counterparty to that dispute. To the extent Mississippi law might not govern, then all claims, in the alternative, are brought under the law of Nevada, where Counterclaim-Plaintiffs are citizens and to whom Counterclaim-Defendant and its employees owed their duties. If and only if neither Mississippi nor Nevada law applies, regarding which the doctrine of dépeçage may apply, then these claims are brought under the law of California.

29. "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K&A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (cleaned up).

30. At all relevant times, Counterclaim-Defendant had a duty to perform the agreement competently and with diligence. Miss. R. Prof. Conduct 1.1 & 1.3.

31. As set forth above, Counterclaim-Defendant breached its duty of competence by causing Counterclaim-Plaintiff to bring unsuccessful claims and motions and billing Counterclaim-Plaintiffs for such work.

32. As set forth above, Counterclaim-Defendant breached its duty of competence by switching to an eDiscovery platform with which it lacked sufficient familiarity and billing Counterclaim-Plaintiffs for such work.

33. As set forth above, Counterclaim-Defendant breached its duty of diligence by spending duplicative and excessive hours and billing Counterclaim-Plaintiffs for such work.

34. The foregoing breaches were breaches of the agreement.

35. As a proximate result of these breaches, Counterclaim-Plaintiffs were misled into overpaying Counterclaim-Defendant's invoices and did not receive what they reasonably paid for, suffering actual, consequential, and/or incidental damages in excess of $100,000.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

**Second Claim for Relief**

Tortious Breach of Contract

36. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 1-35 of this Counterclaim as if set forth fully herein.

37. "Tortious breach of contract requires, in addition to a breach of contract, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." *Southern Natural Gas Co. v. Fritz,* 523 So. 2d 12, 19-20 (Miss. 1987).

38. As set forth above, Counterclaim-Defendant breached its agreement with Counterclaim-Plaintiffs.

39. Such breaches were accompanied by the intentional and knowingly false misrepresentations on the invoices, paid by Counterclaim-Plaintiffs, who Counterclaim-Defendant intended would rely on them.

40. Such breaches were also accompanied by breaches of the duty of loyalty to Counterclaim-Plaintiffs, wherein the financial desires of Counterclaim-Defendant were elevated over what should have been reasonable billing to Counterclaim-Plaintiffs instead.

41. Such breaches were, therefore, tortious.

RANDAZZA | LEGAL GROUP

42. As a proximate result of these breaches, Counterclaim-Plaintiffs were misled into overpaying Counterclaim-Defendant's invoices and did not receive what they reasonably paid for, suffering actual, consequential, and/or incidental damages in excess of $100,000.

43. As a proximate result of these breaches, Counterclaim-Defendant is additionally liable for punitive damages and attorneys' fees.

**Third Claim for Relief**

Breach of Covenant of Good Faith and Fair Dealing

44. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 1-35 of this Counterclaim as if set forth fully herein.

45. The tort of breach of a duty of fair dealing provides that "all contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Morris v. Macione*, 546 So. 2d 969, 971 (Miss.1989).

46. "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992) (quoting Restatement (Second) of Contracts § 205, 100 (1979)).

47. Counterclaim-Defendant acted in bad faith when it overbilled Counterclaim-Plaintiffs as set forth above.

RANDAZZA | LEGAL GROUP

48. In breaching its duty of fair dealing, Counterclaim-Defendant did so intentionally, willfully, wantonly, and/or in reckless disregard for the rights of Counterclaim-Plaintiffs.

49. As a proximate result of these breaches, Counterclaim-Plaintiffs were misled into overpaying Counterclaim-Defendant's invoices and did not receive what they reasonably paid for, suffering actual, consequential, and/or incidental damages in excess of $100,000.

50. As a proximate result of these breaches, Counterclaim-Defendant is additionally liable for punitive damages and attorneys' fees.

**Fourth Claim for Relief**

Money Had and Received

51. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 1-27 of this Counterclaim as if set forth fully herein.

52. "Money paid to another by mistake of fact… may be recovered from the person to whom it was paid, in an action for money had and received." *Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.*, 676 So. 2d 266, 269 (Miss. 1996).

53. Counterclaim-Plaintiffs paid Counterclaim-Defendant in excess of $100,000 beyond what was duly owed under the agreement due to a mistake of fact, *i.e.* the misrepresentations on Counterclaim-Defendant's invoices that such was actually due and owing.

54. In equity and good conscience, such overpayments belong to Counterclaim-Plaintiffs, and Counterclaim-Defendant should not be allowed to retain it.

55. Counterclaim-Plaintiffs are, therefore, entitled to recovery of all overpayments.

**Fifth Claim for Relief**

Accounting

56. Counterclaim-Plaintiffs repeat and reallege the allegations in paragraphs 1-27 of this Counterclaim as if set forth fully herein.

57. A client who overpays their counsel may bring an action for accounting and recovery of funds by judgment thereon. *See Graham v. Franks*, 220 So. 3d 992, 994 (Miss. App. 2017).

58. Counterclaim-Plaintiffs are, therefore, entitled to an accounting of all funds paid to Counterclaim-Defendant and a judgment of the amount found due upon the accounting. *Id.*

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiffs pray for relief as follows:

A. That Plaintiff take nothing by way of the Complaint;

B. That the Complaint be dismissed with prejudice;



RANDAZZA | LEGAL GROUP

C. That the Court award Counterclaim-Plaintiffs all amounts paid to Counterclaim-Defendant for its purported legal services;

D. That the Court award Counterclaim-Plaintiffs their actual, consequential, and incidental damages caused by Counterclaim-Defendant's conduct described above;

E. That the Court award Counterclaim-Plaintiffs punitive damages as against Counterclaim-Defendant;

F. That the Court award Counterclaim-Plaintiffs their costs and attorneys' fees; and

G. That the Court award Counterclaim-Plaintiffs such other relief as the Court deems proper.

Dated: April 23, 2026.

Respectfully Submitted,

/s/ Alex J. Shepard

Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants and Counterclaim-Plaintiffs, HonorSociety.org Inc. and Michael Moradian

RANDAZZA | LEGAL GROUP

Case No. 2:26-cv-04098-PD

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Alex J. Shepard
Alex J. Shepard

RANDAZZA | LEGAL GROUP