**NEMECEK COLE**
Michael Feenberg (SBN 185450)
mfeenberg@nemecek-cole.com
16255 Ventura Blvd., Suite 300
Encino, CA 91436
Tel. (818) 788-9500

**STUBBS ALDERTON & MARKILES, LLP**
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Jose A. Meneses (SBN 346449)
jmeneses@stubbsalderton.com
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
Tel. (818) 444-9222

Attorneys for Plaintiff and Counterclaim-Defendant,
Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,<br><br>Defendants, | **CASE NO. 2:26-cv-04098-PD**<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT STUBBS ALDERTON & MARKILES, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS THE COUNTERCLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE § 340.6(a)** |
| HONORSOCIETY.ORG INC.; MICHAEL MORADIAN,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>STUBBS ALDERTON & MARKILES, LLP,<br><br>Counterclaim-Defendant. | **DATE:** July 31, 2026<br>**TIME:** 1:30 p.m.<br>**COURTROOM:** 580, 5th Floor<br>**JUDGE:** Honorable Patricia Donahue<br><br>**Counterclaim Filed: April 23, 2026**<br>**Trial Date: None Set** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 31, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Patricia Donahue in Courtroom 580 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP ("SAM") will move for an order to dismiss Defendants and Counterclaim-Plaintiffs HonorSociety.Org Inc. and Michael Moradian's (collectively, "Honor Society") Counterclaim in its entirety for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6) and California Code of Civil Procedure section 340.6(a) (the "Motion").

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 22, 2026. (Declaration of Jeffrey F. Gersh ("Gersh Decl."), ¶ 3, Exh. 1.)

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Jeffrey F. Gersh and the attachments thereto, the pleadings and papers on file in this matter, and upon such other evidence and argument as may be presented to or at the hearing on this Motion.

Respectfully submitted,

DATED: June 29, 2026

**STUBBS, ALDERTON & MARKILES, LLP**

By: */s/ Jeffrey F. Gersh*
Jeffrey F. Gersh
Jose A. Meneses

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

DATED: June 29, 2026

**NEMECEK COLE**

By: */s/ Michael Feenberg*
Michael Feenberg

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

# TABLE OF CONTENTS


I. Introduction ........ 8

II. Relevant Factual Background ........ 9

III. Procedural Background ........ 10

IV. Legal Standard ........ 11

V. The Court Should Grant the Motion and Issue an Order Dismissing the Counterclaim with Prejudice ........ 12

- A. When there is a choice-of-law issue, the default rule is to apply California state law in this forum. ........ 12
  - 1. Applying the governmental interest analysis, only California has an interest in applying its law in this case. ........ 15
- B. Under California law, each of the five claims alleged in the Counterclaim are time barred. ........ 18
  - 1. California Code of Civil Procedure § 340.6(a) imposes a one-year statute of limitations on claims by clients against their attorneys arising from their rendering of professional services. ........ 18
  - 2. Honor Society did not file their Counterclaim within the one-year limitations period pursuant to California Code of Civil Procedure § 340.6(a), and are thus time barred. ........ 19
- C. Putting aside that their claims are time barred, Honor Society also failed to allege the essential factual elements of their claims, pursuant to California law. ........ 21
  - 1. The first claim for Breach of Contract is insufficiently plead. ........ 21
  - 2. The second claim for Tortious Breach of Contract is insufficiently plead. ........ 22
  - 3. The third claim for Breach of Covenant of Good Faith and Fair Dealing is insufficiently plead. ........ 22
  - 4. The fourth claim for Money Had and Received is insufficiently plead. ........ 23
  - 5. The fifth claim for Accounting is insufficiently plead. ........ 24

VI. The Court Should Not Grant Leave to Amend ........ 25

VII. Conclusion ........ 25

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akhlaghpour v. Orantes*,
86 Cal. App. 5th 232 (Cal. Ct. App. 2022) ........ 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 11

*Ashland Chem. Co. v. Provence*,
129 Cal. App. 3d 790 (Cal. Ct. App. 1982) ........ 16, 17, 18

*Avidor v. Sutter's Place, Inc.*,
212 Cal. App. 4th 1439 (Cal. Ct. App. 2013) ........ 23, 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 11

*Bennett v. Hill-Boren, P.C.*,
52 So. 3d 364 (Miss. 2011) ........ 16

*Bushell v. JPMorgan Chase Bank, N.A.*,
220 Cal. App. 4th 915 (Cal. Ct. App. 2013) ........ 21

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
222 Cal. App. 3d 1371 (Cal. Ct. App. 1990) ........ 23

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F. 3d 1034 (9th Cir. 2011) ........ 12

*Channel v. Loyacano*,
954 So. 2d 415 (Miss. 2007) ........ 16

*ChinaCast Educ. Corp. v. Chen Zhou Guo*,
No. CV 15-05475, 2016 WL 6645792 (C.D. Cal. June 3, 2016) ........ 12

*CRS Recovery, Inc. v. Laxton*,
600 F. 3d 1138 (9th Cir. 2010) ........ 9, 13, 15

*Deutsch v. Turner Corp.*,
324 F. 3d 692 (9th Cir. 2003) ........ 9, 13, 14, 21

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

*Erlich v. Menezes*,
21 Cal. 4th 543 (Cal. 1999) ..... 22

*Foley v. Interactive Data Corp.*,
47 Cal. 3d 654 (Cal. 1988) ..... 22

*Foxen v. Carpenter*,
6 Cal. App. 5th 284 (Cal. Ct. App. 2016) ..... 18

*Grant v. National Football League Players Ass'n*,
No. CV 11-03118, 2011 WL 11733656 (C.D. Cal. Sept. 19, 2011) ..... 15

*Herrington v. Super. Ct.*,
107 Cal. App. 4th 1052 (Cal. Ct. App. 2003) ..... 21

*Keane v. Top Rank, Inc.*,
No. 2:25-cv-01694, 2025 WL 4292437 (C.D. Cal. Oct. 20, 2025) ..... 15

*Koken v. W.C.A. Service Corp., Inc.*,
No. CIV. S-05-01487, 2006 WL 3087098 (E.D. Cal. Oct. 30, 2006) ..... 13

*Lee v. Hanley*,
61 Cal. 4th 1225 (Cal. 2015) ..... 9, 18, 19

*McCann v. Foster Wheeler LLC*,
48 Cal. 4th 68 (Cal. 2010) ..... 14

*Nelson v. International Pain Co.*,
716 F. 2d 640 (9th Cir. 1983) ..... 16

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
522 F. 3d 1049 (9th Cir. 2008) ..... 25

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
223 Cal. App. 4th 1105 (Cal. Ct. App. 2014) ..... 24, 25

*Rustico v. Intuitive Surgical, Inc.*,
424 F. Supp. 3d 720 (N.D. Cal. 2019) ..... 16

*Samuels v. Mix*,
22 Cal. 4th 1 (Cal. 1999) ..... 19, 20

*Schultz v. Harney*,
27 Cal. App. 4th 1611 (Cal. Ct. App. 1994) ..... 23

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

*Smith v. Cimmet*,
199 Cal. App. 4th 1381 (Cal. Ct. App. 2011) .......... 18

*Supermail Cargo, Inc. v. U.S.*,
68 F. 3d 1204 (9th Cir. 1995) .......... 12

*Theranos, Inc. v. Fuisz Pharma LLC*,
876 F. Supp. 2d 1123 (N.D. Cal. 2012) .......... 14, 16

*U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*,
720 F. 3d 1174 (9th Cir. 2013) .......... 12

Statutes

28 U.S.C. § 1332 .......... 10

Cal. Code Civ. Proc. § 337 .......... 17

Cal. Code Civ. Proc. § 340.6 .......... passim

D.C. Code § 12-301 .......... 14

Miss. Code Ann. § 15-1-49 .......... 16

Nev. Rev. Stat. § 11.207 .......... 16

Rules

Fed. R. Civ. P. 12(b)(6) .......... 1, 2, 9, 11

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This action is simply about the collection of $486,221.45 in fees and costs due Plaintiff and Counterclaimant-Defendant, California law firm Stubbs Alderton & Markiles, LLP ("SAM") for its representation of Defendants and Counterclaim-Plaintiffs HonorSociety.Org Inc. and Michael Moradian's (collectively, "Honor Society") in the action entitled *Phi Theta Kappa Honor Society vs. HonorSociety.Org, Inc. and Michael Moradian,* Case No. 3:22-cv-208-CWR-FKB in the United States District Court, Southern District of Mississippi (the "Miss. Action"). While the action was pending in Mississippi, the vast majority of the work performed by SAM was in California, with the assistance of local Mississippi counsel (not affiliated with SAM). The simple truth of the matter is that Honor Society fell behind on paying their bills and refused to pay SAM for months on end. As a result, SAM was forced to withdraw from its representation in the Miss. Action. Now, Honor Society is looking for any excuse not to pay for the work that SAM did and the costs that it advanced by filing a legally and factually baseless counterclaim.

The crux of Honor Society's Counterclaim arises from SAM's having rendered legal professional services to them from May 2022 through late April/May, 2024. Critically, Honor Society's own pleading is the source of their undoing. Honor Society admits that they knew or should have known of the alleged harms they suffered in or around March 2024. Pursuant to California Code of Civil Procedure section 340.6(a), the applicable one-year statute of limitations governing actions against attorneys, any claim against SAM must have been filed no later than March 2025. However, Honor Society did not file their Counterclaim until April 23, 2026, at least thirteen months after the limitations period had expired.

In an attempt to avoid the statute of limitations, Honor Society erroneously contends that even though SAM is a California law firm, the subject attorneys are admitted in California and the services at issue were performed in California,

Mississippi law should apply; but if not Mississippi law, then Nevada law should apply; and then concede that if neither apply, then California law should apply. But Honor Society is wrong. That is not how choice of law issues are resolved in the Ninth Circuit. Rather, the default rule is for the district court to apply the substantive state law of the forum. *CRS Recovery, Inc. v. Laxton*, 600 F. 3d 1138, 1141 (9th Cir. 2010). And if there are conflict of law issues, then federal courts in California apply the "governmental interest" analysis which "generally leads California courts to apply California law." *Deutsch v. Turner Corp.*, 324 F. 3d 692, 716 (9th Cir. 2003).

Recognizing their claims against SAM for rendering legal professional services were time barred (*see* Cal. Code Civ. Proc. § 340.6(a)), Honor Society attempts to shoehorn their professional-services-malpractice-related allegations into claims for breach of contract, tortious breach of contract, breach of covenant of good faith and fair dealing, money had and received, and accounting. But relabeling a malpractice claim does not change its nature. Courts look to the gravamen of the allegations, rather than the attached label, to determine whether Section 340.6(a) applies. *Lee v. Hanley*, 61 Cal. 4th 1225, 1236-37 (Cal. 2015). Undeniably, the gravamen of each of the five claims of Honor Society arises from the professional services that SAM provided to them. Indeed, it remains unassailable that all causes of action against an attorney no matter how captioned, other than actual fraud, are governed by the one-year statute of limitations.

Accordingly, SAM moves to dismiss Honor Society's Counterclaim with prejudice for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Relevant Factual Background

SAM is a law firm headquartered in Sherman Oaks, California. (Dkt. 4, ¶ 3.) It has no other offices outside of California and all of its partners are California citizens (and admitted to the State Bar of California). (*See id.*) Michael Moradian is a Nevada citizen, and Honor Society (the entity) is a Nevada corporation whose principal place

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

of business is located in Nevada. (*Id.* ¶¶ 1-2.)

In or around May 2022, Honor Society retained SAM to represent them in the Miss. Action. (*Id.*, ¶ 8.) SAM attorneys "entered their appearances *pro hac vice* on June 13, 2022" in the Miss. Action. (*Id.*, ¶ 10.) Honor Society claims that by no later than early 2024 and certainly no later than May 2024, SAM allegedly mishandled the Miss. Action and caused Honor Society actual injury. (*Id.*, ¶¶ 11-23). By early 2024, Honor Society alleges that it became apparent to them SAM's alleged "billing excessively for little value." (*Id.*, ¶ 22.) In or around March 2024, as a result of allegedly being made aware of the overbilling, Honor Society retained new counsel to represent them in the Miss. Action. (*Id.*) Honor Society concedes that SAM effectively ceased providing further legal work to Honor Society by no later than April/May, 2024. (*Id.*, ¶ 23.)

## III. <u>Procedural Background</u>

On February 25, 2026, SAM filed its Complaint for collection of moneys due and owing to it for services and costs advanced against Honor Society in the case titled *Stubbs Alderton & Markiles, LLP v. HonorSociety.Org, et al.*, Case No. 26VECV01141 in the Superior Court of the State of California, County of Los Angeles. (Dkt. 1-1.) SAM's Complaint against Honor Society arises from their failure to pay it for legal services rendered. SAM sued Honor Society for Breach of Contract, Open Book Account, Account Stated, and Quantum Meruit. (*Id.*) On April 16, 2026, Honor Society removed this case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332. (Dkt. 1.) Thereafter, this case was assigned to this Court and has been deemed to be consented to by the parties. (Dkt. 2; Dkt. 5.)

On April 23, 2026, Honor Society filed their Answer and Counterclaim against SAM. (Dkt. 4.) In it, they sue SAM for Breach of Contract, Tortious Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Money Had and Received, and Accounting—all arising out of SAM's rendition of legal services to

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Honor Society in the Miss. Action. (*Id.*)

On or around June 22, 2026, counsel for the parties met and conferred to discuss this Motion, pursuant to Local Rule 7-3. (Declaration of Jeffrey F. Gersh ("Gersh Decl."), ¶ 3, Exh. 1.)

As set forth below, Honor Society had one year from March 2024 to file a complaint against SAM for all claims arising out of their representation of Honor Society in the Miss. Action, pursuant to California Code of Civil Procedure section 340.6(a). But Honor Society filed their Counterclaim thirteen months after their claims expired. As such, their claims are time barred and the Counterclaim must be dismissed. Further, even if the claims were timely (which they are not), each of the five claims of Honor Society are insufficiently plead under California law. These issues are fatal to the Counterclaim, and cannot be remediated with any further amendment. Thus, this Court should dismiss the Counterclaim with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6).

## IV. <u>Legal Standard</u>

The Court is vested with the authority to dismiss a Counterclaim that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In so deciding, the Court must apply a two-step analysis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the Court must accept all factual allegations as true. *Id.* Second, under these assumptions, the Court must assess whether the claims have "facial plausibility." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly* at 555 (citation omitted).

The Court is further vested with the authority to dismiss the Counterclaim on statute of limitations grounds "if (1) expiration of the application limitations period 'is apparent on the face of the complaint'; and (2) the complaint's allegations, when

liberally construed, 'would not permit the plaintiff to prove that the statute was tolled.'" *ChinaCast Educ. Corp. v. Chen Zhou Guo*, No. CV 15-05475, 2016 WL 6645792, at *2 (C.D. Cal. June 3, 2016) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F. 3d 1034, 1045 (9th Cir. 2011)); *see also U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F. 3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint." (citation omitted)). Thus, the Court should dismiss the Counterclaim if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F. 3d 1204, 1207 (9th Cir. 1995).

Here, accepting all of Honor Society's allegations as true, there is no question that the Counterclaim was filed more than one year late after they discovered or should have discovered any harm arising from SAM's representation of them in the Miss. Action. Honor Society alleges that they discovered SAM's alleged overbilling by "early 2024" such that by "March 2024," they retained a new law firm to represent them. (Dkt. 4, ¶ 22.) They had until March 2025 to pursue claims arising from SAM's professional services. Cal. Code Civ. Proc. § 340.6(a) (imposing a one year statute of limitations for claims arising from professional services). Yet, Honor Society only filed their Counterclaim in April 2026, thirteen months after their claims expired. As such, each of the claims in the Counterclaim is time barred.

## V. <u>The Court Should Grant the Motion and Issue an Order Dismissing the Counterclaim with Prejudice</u>

### A. <u>When there is a choice-of-law issue, the default rule is to apply California state law in this forum.</u>

Honor Society erroneously contends that Mississippi law should apply to this dispute because "the purpose of the agreement and the work product arose from and were directed to" the Miss. Action. (Dkt. 4, n.1.) If not, they alternatively (and again erroneously) contend that Nevada law should apply because Honor Society—the

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

entity and Michael Moradian—are Nevada citizens and that SAM, as result, owed their duties under Nevada law. (*Id.*) If neither law applies, they contend that California law should apply. (*Id.*) Choice of law rules do not work that way. In the Ninth Circuit, the default rule is to apply the substantive law of the forum; here, that forum is California. As the proponent of applying foreign law, Honor Society has the burden to demonstrate that those states' rules would further those states' interests as to overcome the default rule. *CRS Recovery*, 600 F. 3d at 1142. They have not made that showing here.

"When a federal court sits in diversity to hear state law claims, the conflicts laws of the forum state—here California—are used to determine which state's substantive law applies." *CRS Recovery, Inc.*, 600 F. 3d at 1141; *see also Deutsch*, 324 F. 3d at 716. "As a default, the law of the forum state will be invoked, and the burden is with the proponent of foreign law to show that the foreign rule of decision will further the interests of that state." *CRS Recovery, Inc.* at 1142.

In the Ninth Circuit, claims brought in a California district court, "[r]egardless of the source of the substantive law," are subject to "the statute of limitation that would be applied in California state court." *Deutsch*, 324 F. 3d at 716; *see also Koken v. W.C.A. Service Corp., Inc.*, No. CIV. S-05-01487, 2006 WL 3087098, at *3 (E.D. Cal. Oct. 30, 2006) ("Because plaintiff's claims were brought in a district court within California, the court must apply the statute of limitations that would be applied in California state court.") (citing *Deutsch* at 716). Honor Society removed this case from a California state court to a California federal court, making California the forum state. *See CRS Recovery, Inc.*, 600 F. 3d at 1141 (the forum state is where the district court sits).

But when there is a conflict of law issue, as is here, California courts apply the governmental interest analysis to determine which substantive law applies. *Deutsch*, 324 F. 3d at 716 (citation omitted). Under that analysis, the first step is to determine whether the relevant law between the jurisdictions "is the same or different."

*Theranos, Inc. v. Fuisz Pharma LLC*, 876 F. Supp. 2d 1123, 1130 n.7 (N.D. Cal. 2012), (citing *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (Cal. 2010)). The second step is to "examine each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists." *Id.* The third step is "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *Id.* The law of the state whose interests would be more impaired will apply. *Id.* "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." *Deutsch*, 324 F. 3d at 716.

*Theranos* is instructive. There, the defendant moved to dismiss the plaintiff's claims against him on the basis that they were time barred under California law. *Theranos, Inc.*, 876 F. Supp. 2d at 1129. The district court ruled that California's statute of limitations for legal malpractice claims applied because "[f]ederal courts sitting in California and applying a *Deutsch* analysis consistently conclude that California's statute of limitations applies when faced with a choice-of-law concerns, absent a rare exception or extraordinary interest by a foreign state to keep alive the claims." *Id.* at 1131-32. The district court compared the statute of limitations laws in California (a one-year period for a legal malpractice claim under California Code of Civil Procedure section 340.6), and the District of Columbia (a three-year period for claims that are "not otherwise specifically prescribed" statute of limitations under District of Columbia Code section 12-301(a)(8)). *Id.* at 1131-32. "Because California specifically concluded that a one-year statute reflected an appropriate balance of the interests raised in legal malpractice cases, […] California's interest in applying its statute of limitations would be more significantly impaired if thwarted by the more generic District of Columbia statute." *Id.* at 1132. Thus, the *Theranos* court held that under *Deutsch*, California's one-year statute of limitations period for legal malpractice claims applied.

Other courts in the Central District of California have ruled the same way. For

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

example, the district court in *Grant v. National Football League Players Ass'n* applied California law over the laws of Virginia or the District of Columbia in deciding which state's statute of limitations applied because California was the forum and the defendants failed to point to those states' interest as to "justify an exception to the default rule." No. CV 11-03118, 2011 WL 11733656, at *3 (C.D. Cal. Sept. 19, 2011). In another example, the district court in *Keane v. Top Rank, Inc.* applied California law over Nevada law to determine the statute of limitations of plaintiff's breach of contract and contract-related claims. No. 2:25-cv-01694, 2025 WL 4292437, at *8 (C.D. Cal. Oct. 20, 2025). Its rationale for that ruling was that the forum was in California and the plaintiff did not meet his burden of demonstrating that Nevada law should apply. *Id.*

Like in *Grant* and *Keane*, Honor Society merely suggests that either Mississippi law or Nevada law should apply. (*See* Dkt. 4, n.1.) In the same footnote, they even concede that if either Mississippi law or Nevada law does not apply, then California law should. If those contentions are Honor Society's attempt at explaining why another state has an interest in applying its law here, then they have failed. Honor Society's mere allegations do not at all demonstrate why application of Mississippi or Nevada law would further those states' interests and overcome the default rule (which would lead to the application of California law here). *CRS Recovery, Inc.*, 600 F. 3d at 1142. Accordingly, this Court should apply California law.

**1. Applying the governmental interest analysis, only California has an interest in applying its law in this case.**

Honor Society's footnote 1 makes clear that they will argue that either Mississippi or Nevada law should apply in an ostensible effort to avoid the death knell of Section 340.6(a). But this should not persuade this Court. While California, Mississippi, and Nevada law differ in its limitations period for claims arising from professional services, only California law has an interest in applying its law in this case. When "the forum is in California, and the only defendant is a California resident

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

[…] [o]nly California has an interest in having its statute of limitations applied." *Nelson v. International Pain Co.*, 716 F. 2d 640, 645 (9th Cir. 1983) (citing *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790 (Cal. Ct. App. 1982)). That is the situation here.

Applying the governmental interest analysis, the first step is to determine whether the relevant law in the different jurisdictions is different. *Theranos, Inc.*, 876 F. Supp. 2d at 1130 n.7. The limitations period to bring a legal malpractice claim in California is one year, in Nevada its two years, and in Mississippi its three years. Cal. Code Civ. Proc. § 340.6(a); *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 369 (Miss. 2011) (citing *Channel v. Loyacano*, 954 So. 2d 415, 420 (Miss. 2007); Miss. Code Ann. § 15-1-49); Nev. Rev. Stat. § 11.207. So the statute of limitations in each of the jurisdictions is different.

The second step in the governmental interest analysis is to examine each jurisdiction's interest to determine "whether a true conflict exists." *Theranos, Inc.*, 876 F. Supp. 2d at 1130 n.7. But "when only one forum has an interest in the application of a statute of limitations, the conflict is 'false,' and the Court need not proceed to the third step of the analysis." *Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 729 (N.D. Cal. 2019). The conflict here is false, as *only* California would have an interest in applying its law. California has an interest in applying its law when the forum is in California and the defendant is a California resident. *Id.* (citing *Nelson*, 716 F. 2d at 644.) By contrast, a state has no interest in applying its law if the forum is not in that state and the defendant is not a resident of that state. *Id.* The reason for the rule is "to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale claims […]" *Ashland Chem. Co.*, 129 Cal. App. 3d at 794. Here, only California has an interest in applying its law for two reasons. First, Honor Society removed this case to this forum, a California federal district court. Second, accepting such allegations as true, Honor Society alleges that SAM is a law firm located in

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Sherman Oaks, California and that "[i]ts partners are all citizens of California." (Dkt. 4, ¶ 3.)

*Ashland* is on point. In that case, the plaintiff (a Kentucky corporation) sued defendants (a California corporation and two California residents) for breach of a promissory note and a written debt obligation. *Ashland Chem. Co.*, 129 Cal. App. 3d at 793. The promissory note sued upon, contained a choice-of-law provision that the agreement was "'governed by and construed in accordance with the laws of the Commonwealth of Kentucky,'" which imposed a fifteen-year limitations period for promissory notes. *Id.* The defendants demurred to the complaint on the basis that the causes of action were time barred under the four-year statute of limitations set forth in California Code of Civil Procedure section 337. *Id.* The trial court sustained the demurrer without leave to amend. *Id.*

On appeal, the plaintiff argued that the trial court erred by applying "California's statute of limitations, rather than Kentucky's […]" Applying the governmental interest analysis, the appellate court affirmed the ruling. That court reasoned that California's statute of limitations applied because "California is the forum and the defendant is a California resident." *Id.* at 794. It further reasoned that Kentucky did not have an interest in applying its statute of limitations because there were no "Kentucky defendants" and Kentucky was not the forum. *Id.* While the agreed upon promissory note contained a choice-of-law provision, application of Kentucky law would have violated the policy of California statute of limitations. *Id.* at 795. Also, the fact that Kentucky was "plaintiff's domicile, the place of contracting, and the place of payment" did not give Kentucky an interest in applying its statute of limitations. *Id.*

Honor Society will likely rely on the same set of facts to support their argument that either Mississippi or Nevada law should apply. Like the plaintiff in *Ashland*, Honor Society will rely on the fact that Honor Society (the entity) is a Nevada corporation, that Michael Moradian is a Nevada resident, and that "the purpose of the agreement and the work product arose from and were directed to" the Miss. Action.

(Dkt. 4, n.1.) But none of these facts give either Mississippi or Nevada an interest in applying its law in this forum. *See Ashland Chem. Co.*, 129 Cal. App. 3d at 795. Indeed, the rule and policy rationale underlying California's interest in applying its law, extends to its interest in regulating attorneys licensed in its state. For example, in making a determination on whether Oregon or California law applied under the governmental interest analysis, the appellate court in *Smith v. Cimmet* ruled that "California alone has a legitimate interest in" the regulation of its attorneys. 199 Cal. App. 4th 1381, 1399-1400 (Cal. Ct. App. 2011). That is why, absent facts that the forum is located in either Mississippi or Nevada, that SAM has offices in the same, and that SAM's partners are residents of the same, only California has an interest in applying its law in this case and in the regulation of attorneys licensed in its state.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**B. Under California law, each of the five claims alleged in the Counterclaim are time barred.**

**1. California Code of Civil Procedure § 340.6(a) imposes a one-year statute of limitations on claims by clients against their attorneys arising from their rendering of professional services.**

Under California law, Honor Society's claims are governed by the one-year statute of limitations set forth in California Code of Civil Procedure section 340.6(a). *Foxen v. Carpenter*, 6 Cal. App. 5th 284, 296 (Cal. Ct. App. 2016). In relevant part, Section 340.6(a) states:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

The one-year statute of limitations under Section 340.6(a) applies "not only to actions for professional negligence but to any action alleging wrongful conduct, other than actual fraud, arising in the performance of professional services." *Lee*, 61 Cal. 4th at 1236. "[P]rofessional services' is best understood to include nonlegal services

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

governed by an attorney's professional obligations," which may include "services such as accounting, bookkeeping, and holding property in trust." *Id.* at 1237. As such, Section 340.6(a) applies to those "claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." *Id.* at 1236–37.

Those claims accrue "when the client discovers or should discover the facts essential to the malpractice claim, and suffers appreciable and actual harm from the malpractice." *Akhlaghpour v. Orantes*, 86 Cal. App. 5th 232, 255 (Cal. Ct. App. 2022) (citation omitted). "Discovery of any appreciable and actual harm from the attorney's negligent conduct establishes a cause of action and begins the running of the limitations period." *Samuels v. Mix*, 22 Cal. 4th 1, 11 (Cal. 1999).

**2. Honor Society did not file their Counterclaim within the one-year limitations period pursuant to California Code of Civil Procedure § 340.6(a), and are thus time barred.**

Here, the gravamen of Honor Society's allegations arise out of and relate to the professional services that SAM provided to them in connection with the Miss. Action. *See Lee*, 61 Cal. 4th at 1236-37. Stripped of their labels, every one of Honor Society's five claims rests on the same core allegation: that SAM allegedly performed its legal work poorly and overbilled for it. That is the textbook definition of a legal malpractice claim, and Section 340.6(a)'s one-year limitations period applies to all of them. They made this clear in their Counterclaim, which alleges that:

- SAM breached its contract with Honor Society by breaching their duty of competence, when SAM brought "unsuccessful claims and motions" and billing for the same, switched eDiscovery platforms, and overbilled their time. (Dkt. 4, ¶¶ 31-33.)
- SAM tortiously breached its contract with Honor Society by, in conjunction with breaching its contract, making misrepresentations on

the invoices and breaching its duty of loyalty with respect to overbilling. (*Id.*, ¶¶ 38-40.)

- SAM breached its covenant of good faith and fair dealing in its contract with Honor Society by acting in "bad faith when it overbilled." (*Id.*, ¶ 47.)
- SAM was overpaid in excess of $100,000 for its misrepresentations on the invoice to Honor Society. (*Id.*, ¶¶ 53-54.)
- Honor Society's overpaying of SAM, entitles them to an accounting. (*Id.*, ¶¶ 57-58.)

Thus, Honor Society's allegations are based entirely on SAM's providing professional services to them.

But these claims are time barred. The timeline is straightforward and fatal to Honor Society's position. Honor Society alleges that during the course of SAM's representation, it undertook a failed legal strategy (*id.*, ¶ 11), switched eDiscovery platforms in the middle of the litigation (*id.*, ¶ 12), and unreasonably billed their time (*id.*). By their own allegations, however, Honor Society discovered or should have discovered these alleged issues by "early 2024." (*Id.*, ¶ 22.) In concluding that they were harmed by SAM's alleged conduct, Honor Society retained a new law firm to represent them in the Miss. Action in or around March 2024. (*Id.*) That act of retaining replacement counsel is itself an acknowledgement that Honor Society had discovered the alleged harm. Their discovery of these facts began the running of the one-year limitations period. *See Samuels*, 22 Cal. 4th at 11. The limitations period therefore expired no later than March 2025. But Honor Society failed to file their Counterclaim within that one year period, as they filed it on or around April 2026—more than a year after the limitations period had already expired. And by then, the claims were stale.

Accordingly, on this basis alone, this Court should dismiss the Counterclaim in its entirety, as all of the claims are time barred.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**C. <u>Putting aside that their claims are time barred, Honor Society also failed to allege the essential factual elements of their claims, pursuant to California law.</u>**

As set forth above, this Court should apply substantive California law to Honor Society's claims. *See Deutsch*, 324 F. 3d at 716. And even setting aside that the claims are time barred—which alone warrants dismissal—each of Honor Society's five claims independently fail to state a claim upon which relief can be granted under California law.

**1. The first claim for Breach of Contract is insufficiently plead.**

To state a claim for breach of contract, a plaintiff must allege "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 922 (Cal. Ct. App. 2013).

Here, Honor Society's Breach of Contract claim fails in a few respects. ***First***, while Honor Society alleges that they entered into an agreement with SAM, they fail to allege its terms and, critically, that they performed their obligations. They also failed to allege, in the alternative, that they were excused from performing their obligations. Honor Society's failure to allege performance or excuse for nonperformance, renders their claim insufficient. ***Second***, because Honor Society did not allege the terms of their agreement with SAM, it is unclear why or how any of their allegations against SAM would constitute a breach of any specific contractual obligation. ***Third***, Honor Society alleges that they were damaged by "overpaying" for SAM's services but they do not allege that they did not receive the benefit of the bargain, rendering this element insufficiently plead. *See Herrington v. Super. Ct.*, 107 Cal. App. 4th 1052, 1060 (Cal. Ct. App. 2003) (Damages for over paying for legal services is recoverable "'to the extent' the fees exceed the value of the services rendered.'"). Thus, this claim fails to allege the essential factual elements to state a claim upon which relief can be granted.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**2. The second claim for Tortious Breach of Contract is insufficiently plead.**

To state a claim for tortious breach of contract, a plaintiff must allege facts showing a defendant's tortious conduct that is separate from its breach of contract. A party's breach of its obligations under a contract "'may support an action in tort.'" *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (Cal. 1999) (citation omitted). But "conduct amounting to a breach of contract becomes tortious only when it violates a duty independent of the contract arising from principles of tort law." *Id.*

Here, Honor Society failed to allege facts showing SAM's violation of an independent tort, beyond the alleged facts forming the Breach of Contract. The crux of this claim is SAM's alleged overbilling—which Honor Society attempts to reword as "the financial desires of Counterclaim-Defendant were elevated over what should have been reasonable billing to Counterclaim-Plaintiffs instead." (Dkt. 4, ¶ 40.) That is simply the Breach of Contract claim dressed up in different language. California law is clear that a party cannot transform a contract claim into a tort claim merely by alleging that the breach was intentional or self-interested. "[T]he duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich*, 21 Cal. 4th 543 at 552 (brackets added). Honor Society must identify a duty that exists independent from the contract itself. But they have not done so here. The overbilling allegation is, at its core, a contractual dispute about the reasonableness of fees charged, not a freestanding tort. Thus, this claim fails to allege the essential factual elements to state a claim upon which relief can be granted.

**3. The third claim for Breach of Covenant of Good Faith and Fair Dealing is insufficiently plead.**

"'Every contract imposes upon each part a duty of good faith and fair dealing in its performance and its enforcement.'" *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (Cal. 1988) (citation omitted). To state a claim for breach of the covenant of

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

good faith and fair dealing, a plaintiff must allege facts showing a defendant's breach beyond its contractual duties. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (Cal. Ct. App. 1990). Specifically, a plaintiff must allege fact showing a defendant's failure or refusal to perform its obligations, was due to "conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the [plaintiff] thereby depriving that party of the benefits of the agreement." *Id.* Absent facts that go beyond a contract breach, this claim should be "disregarded as superfluous as no additional claim is actually stated." *Careau & Co.*, 222 Cal. App. 3d at 1395.

Here, Honor Society alleges that SAM breached the covenant of good faith and fair dealing when it allegedly overbilled them. (Dkt. 4, ¶¶ 47-48.) But the overbilling allegations are not new. These are the same facts forming the basis of Honor Society's Breach of Contract claim. (*See id.*, ¶ 33.) Indeed, adding that the alleged overbilling was conducted "intentionally, willfully, wantonly, and/or in reckless disregard" does not show a deliberate failure to or refusal of SAM to perform its obligations. (*Id.*, ¶ 48.) Absent more, this claim should be dismissed as superfluous. *Careau & Co.*, 222 Cal. App. 3d at 1395. Thus, this claim fails to allege the essential factual elements to state a claim upon which relief can be granted.

**4. The fourth claim for Money Had and Received is insufficiently plead.**

A claim for money had and received hinges upon one person's receipt of money belonging to another, "and which in equity and good conscience should be paid over the latter." *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (Cal. Ct. App. 2013) (cleaned up). To state a claim for money had and received, a plaintiff must allege facts showing that (1) a defendant is indebted to it (2) "for money had and received by the defendant" (3) "for the use of the plaintiff." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (Cal. Ct. App. 1994).

Here, Honor Society woefully failed to allege any of the essential facts for a

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

claim for money had and received. ***First***, absent from this claim are any facts showing that SAM is indebted to Honor Society. Honor Society's allegation that they allegedly overpaid SAM $100,000 is not a debt, as these are funds used to pay for services that Honor Society already received. (Dkt. 4, ¶ 53 (alleging that Honor Society paid for the services billed to them in the SAM invoices).) ***Second*** and ***Third***, Honor Society's concession that the funds were an overpayment for SAM's services is inapposite as to whether the funds were received by SAM for Honor Society's benefit. SAM billed Honor Society for legal work rendered to them. (*See id.*) This belies any claim for money had and received, which creates liability for a party that receives money and does not use that money for the intended purpose. *See Avidor*, 212 Cal. App. 4th at 1454 (a plaintiff must prove that the funds it transferred to the defendant were not used for plaintiff's benefit). Critically, a claim for money had and received lies where funds are transferred for one purpose but diverted for another not where a party disputes the value of services it actually received and paid for. As alleged, Honor Society did not pay SAM some retainer to perform future legal work; instead, they paid SAM for services that it already provided. What SAM does with the funds it is paid for services rendered does not constitute a claim for money had and received. Thus, this claim fails to allege the essential factual elements to state a claim upon which relief can be granted.

**5. The fifth claim for Accounting is insufficiently plead.**

To state a claim for accounting, a plaintiff must allege "an [1] unliquidated and [2] unascertained amount [3] owing that [4] cannot be determined without an examination of the debits and credits on the books to determine what is due and owing." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1136-37 (Cal. Ct. App. 2014) (brackets added and citation omitted). But "[i]f an ascertainable sum is owed, an action for an accounting is not proper." *Id.* at 1137 (brackets added and citation omitted).

Here, Honor Society failed to allege any facts that would entitle them to an

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

accounting. ***First*** and ***Second***, they fail to allege any unliquidated and unascertained sums of money within SAM's possession. (*See* Dkt. 4, ¶ 56-58.) ***Third***, they also fail to allege any sums of money that SAM owes to Honor Society. (*See id.*) Though, there is none. ***Fourth***, absent any of the above facts, there is no indication that the funds sought by Honor Society cannot be determined without an examination of SAM's books and credits. Honor Society's allegation that SAM allegedly overbilled them—which would be reflected in SAM's invoices—means that the funds that they are seeking are ascertainable without an accounting. *Prakashpalan*, 223 Cal. App. 4th at 1137. The invoices themselves, which Honor Society references throughout their Counterclaim, provide the very information that they claim need an accounting to obtain. Thus, this claim fails to allege the essential factual elements to state a claim upon which relief can be granted.

## VI. The Court Should Not Grant Leave to Amend

Leave to amend should not be granted because it would be futile, as all of Honor Society's claims are time barred. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F. 3d 1049, 1060 (9th Cir. 2008) (The district court did not abuse its discretion by dismissing plaintiff's causes of action without leave to amend, as the claims were time barred.). Honor Society cannot plead around their allegation that they failed to bring claims within the one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340.6(a). They have alleged facts showing that they knew or should have known of their potential claims against SAM in or around March 2024. (*See* Dkt. 4, ¶ 22.) Honor Society's stale claims render their Counterclaim dead on arrival, without any opportunity for rescue.

## VII. Conclusion

In light of the foregoing, this Court should grant the Motion and issue an Order dismissing the Counterclaim with prejudice.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Respectfully submitted,

DATED: June 29, 2026

**STUBBS, ALDERTON & MARKILES, LLP**

By: */s/ Jeffrey F. Gersh*
Jeffrey F. Gersh
Jose A. Meneses

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

DATED: June 29, 2026

**NEMECEK COLE**

By: */s/ Michael Feenberg*
Michael Feenberg

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Stubbs Alderton & Markiles, LLP, certifies that this brief contains 6,248 words, which complies with the word limit of L.R. 11-6.1

DATED: June 29, 2026 By: */s/ Jeffrey F. Gersh*
Jeffrey F. Gersh