**NEMECEK COLE**
Michael Feenberg (SBN 185450)
mfeenberg@nemecek-cole.com
16255 Ventura Blvd., Suite 300
Encino, CA 91436
Tel. (818) 788-9500

**STUBBS ALDERTON & MARKILES, LLP**
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Jose A. Meneses (SBN 346449)
jmeneses@stubbsalderton.com
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
Tel. (818) 444-9222

Attorneys for Plaintiff and Counterclaim-Defendant,
Stubbs Alderton & Markiles, LLP



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,<br><br>Defendants, | **CASE NO. 2:26-cv-04098-PD**<br><br>**DECLARATION OF JEFFREY F. GERSH IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT STUBBS ALDERTON & MARKILES, LLP'S MOTION TO DISMISS THE COUNTERCLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE § 340.6(a)** |
| HONORSOCIETY.ORG INC.; MICHAEL MORADIAN,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>STUBBS ALDERTON & MARKILES, LLP,<br><br>Counterclaim-Defendant. | **DATE:** **July 31, 2026**<br>**TIME:** **1:30 p.m.**<br>**COURTROOM:** **580, 5th Floor**<br>**JUDGE:** **Honorable Patricia Donahue**<br><br>**Counterclaim Filed: April 23, 2026**<br>**Trial Date: None Set** |

**DECLARATION OF JEFFREY F. GERSH**

I, Jeffrey F. Gersh, declare as follows:

1. I am a member of the Bar of the State of California and have been duly admitted to practice law in the State of California. I am a partner at STUBBS ALDERTON & MARKILES, LLP, Plaintiff and Counterclaim-Defendant ("SAM") in this action. My Firm is co-counsel with Michael Feenberg of Nemecek Cole.

2. I submit this declaration in support of SAM's Motion to Dismiss Defendants and Counterclaim-Plaintiffs HONORSOCIETY.ORG INC. and MICHAEL MORADIAN's (collectively, "Honor Society") Counterclaim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and California Code of Civil Procedure § 340.6(a) (the "Motion"). I have personal knowledge of the facts herein and, if called and sworn as a witness, I could and would testify competently thereto.

3. Pursuant to Local Rule 7-3, I met and conferred with Honor Society's counsel on May 22, 2026 to discuss the subject matter of the instant Motion. But we were unable to resolve the issues, necessitating the filing of the same. Attached as **Exhibit 1** is a true and correct copy of my June 16, 2026 meet and confer letter to Honor Society's counsel, reflecting the subject matter of our discussion.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on June 29, 2026, in Sherman Oaks, California.

Jeffrey F. Gersh

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

# **EXHIBIT** 1

SA&M ,LLP | STUBBS ALDERTON & MARKILES, LLP

**Jeffrey F. Gersh**
Partner

Phone/Fax/Text 818.444.9222
Mobile 310.780.9898
E-Mail jgersh@stubbsalderton.com

June 16, 2026

**Via Email**

Marc J. Randazza
Alex J. Shepard
8991 W. Flamingo Rd., Ste B
Las Vegas, Nevada 89147
Email: ecf@randazza.com

**Re: Meet and Confer re Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP's Anticipated Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted**

Dear Messrs. Randazza and Shepard,

Pursuant to Local Rule 7-3, we write to meet and confer with you regarding Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP's ("SA&M") anticipated Motion to Dismiss, pursuant to Fed. R. Civ. P. Rule 12(b)(6) ("Motion"). Based on the below, Defendants and Counterclaim-Plaintiffs HonorSociety.Org ("HonorSociety") and Michael Moradian ("Moradian" and together with HonorSociety, the "Counterclaimants") should dismiss their Counterclaim with prejudice.

***First***, Counterclaimants' claims for Breach of Contract, Tortious Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Money Had and Received, and Accounting (collectively, "Claims") are time barred under California law. "When a federal court sits in diversity to hear state law claims, the conflicts laws of the forum state—here California—are used to determine which state's substantive law applies." *CRS Recovery, Inc. v. Laxton*, 600 F. 3d 1138, 1141 (9th Cir. 2010); *see also Deutsch v. Turner Corp.*, 324 F. 3d 692, 716 (9th Cir. 2003). Here, Counterclaimants removed the state court action to the USDC Central District of California, making California the forum state. *See CRS Recovery, Inc.* at 1141 (the forum state is where the district court sists). Contrary to footnote 1 of the Counterclaim, Mississippi or Nevada law does not apply because the district court does not sit in those states. As such, , the Court must apply California state law. *See Grant v. National Football League Players Ass'n*, No. CV 11-03118-RFK (FFMx), 2011 WL 11733656, at *3 (C.D. Cal. Sept. 19, 2011); *see also Keane v. Top Rank, Inc.*, No. 2:25-cv-01694-MRA-MAR, 2025 WL 4292437, at *8 (C.D. Cal. Oct. 20, 2025) (The district court applied California law over Nevada law on the plaintiff's breach of contract and contract-related claims because the forum was in California.). This rule extends to application of a state's statute of limitations on claims being prosecuted in its courts. *Grant* at *2.

Counterclaimants' claims against SA&M, are governed by the one-year statute of limitations set forth in California Code of Civil Procedure section 340.6(a). *Foxen v. Carpenter*, 6 Cal. App. 5th 284, 296 (Cal. Ct. App. 2016). The one-year statute of limitations pursuant to Section 340.6(a) applies "not only to actions for professional negligence but to any action alleging wrongful conduct, other than actual fraud, arising in the performance of professional services." *Lee v. Hanley*, 61 Cal. 4th 1225, 1236 (Cal. 2015). As such, Section 340.6 applies to those "claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." *Id.* at 1236–37. Those claims accrue "when the client discovers or should discover the facts essential to the malpractice claim, and suffers appreciable and actual harm from the malpractice." *Akhlaghpour v. Orantes*, 86 Cal. App. 5th 232, 255 (Cal. Ct. App. 2022) (citing Code Civ. Proc., § 340.6).

Here, the Claims arise out of or relate to SA&M's rendering of legal services to Counterclaimants. *See* Dkt. 4, ¶¶ 31-33 (Breach of Contract claim arising from breaches of duty of competence practicing law.); *id.*, 38-40 (Tortious Breach of Contract claim arising from the same.); *id.*, ¶ 47 (Breach of Covenant of Good Faith and Fair Dealing claim arising from the same.); *id.*, ¶ 53 (Money Had and Received claim arising from the same.); *id.*, ¶ 58 (Accounting claim arising from the same.). At the latest, the Claims would have accrued by "early 2024" when at that time "it had become apparent" to Counterclaimants that SA&M was allegedly "billing excessively for little value" and thereafter "retained the services of the law firm Newman LLP in March 2024 to take over as lead counsel." *Id.*, ¶ 22. Thus, the Claims expired on March 2025, and are time barred.

***Second***, Counterclaimants fail to allege the essential factual elements of each of the Claims.

The first claim for Breach of Contract fails. To state a claim for breach of contract, a plaintiff must allege "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 922 (Cal. Ct. App. 2013). Here, Counterclaimants fail to allege facts showing elements (2), (3), and (4).

The second claim for Tortious Breach of Contract fails. To state a claim for tortious breach of contract, a plaintiff must allege facts showing a defendant's tortious conduct separate from its breach of contract. A party's breach of its obligations under a contract "'may support an action in tort.'" *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (Cal. 1999) (citation omitted). But "conduct amounting to a breach of contract becomes tortious only when it violates a duty independent of the contract arising from principles of tort law." *Id.* Here, Counterclaimants fail to allege facts showing SA&M's violation of an independent tort, beyond the facts forming the Breach of Contract.

The third claim for Breach of Covenant of Good Faith and Fair Dealing fails. To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege facts showing a defendant's breach beyond its contractual duties. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (Cal. Ct. App. 1990). Specifically, a plaintiff must allege fact showing a defendant's failure or refusal to perform its obligations, was due to "conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the [plaintiff] thereby depriving that party of the benefits of the agreement." *Id.* Here, Counterclaimants fail to allege those facts in their claim. *See* Dkt. 4, ¶ 47 (Alleging only that "Counterclaimant-Defendant acted in bad faith when it overbilled Counterclaim-Plaintiffs as set forth above."). Absent facts alleging acts beyond the breach of contract, such a claim should be "disregarded as superfluous as no additional claim is actually stated." *Careau & Co.* at 1395.

The fourth claim for Money Had and Received fails. To state a claim for money had and received, a plaintiff must allege facts showing that (1) a defendant is indebted to it (2) "for money had and received by the defendant" (3) "for the use of the plaintiff." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (Cal. Ct. App. 1994). Here, Counterclaimants fail to allege facts showing elements (1), (2), and (3). *See* Dkt. 4, ¶¶ 53-54.

The fifth claim for Constructive Trust fails. To state a claim for constructive trust, plaintiff must allege facts showing "(1) a specific, identifiable property interest, (2) the plaintiff's right to the property interest, and (3) the defendant's acquisition or detention of the property interest by some wrongful act." *Higgins v. Higgins*, 11 Cal. App. 5th 648, 659 (2017). Here, similarly, Counterclaimants fail to allege facts showing elements (1), (2), and (3).

In light of the foregoing, Counterlcaimants must dismiss their Counterclaim with prejudice. Please advise whether Counterclaimants will do so. Barring confirmation of the dismissal of the Counterclaim with prejudice, we are available to meet and confer with you regarding SA&M's anticipated Motion on or before June 22, 2026. Please advise us no later than June 17, 2026, when you are available to meet with us.

Nothing herein should be construed by you or intended by us a relinquishment or waiver of our client's rights, all of which are expressly reserved.

Very truly yours,

Jeffrey Gersh

JFG:rm

cc: Jose A. Meneses, Esq.
Michael Feenberg, Esq.
Steven L. Friedland, Esq.