**NEMECEK COLE**
Michael Feenberg (SBN 185450)
mfeenberg@nemecek-cole.com
16255 Ventura Blvd., Suite 300
Encino, CA 91436
Tel. (818) 788-9500

**STUBBS ALDERTON & MARKILES, LLP**
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Jose A. Meneses (SBN 346449)
jmeneses@stubbsalderton.com
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
Tel. (818) 444-9222

Attorneys for Plaintiff and Counterclaim-Defendant,
Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

STUBBS ALDERTON & MARKILES, LLP,

Plaintiff,

v.

HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,

Defendants,

---

HONORSOCIETY.ORG INC.; MICHAEL MORADIAN,

Counterclaim-Plaintiffs,

v.

STUBBS ALDERTON & MARKILES, LLP,

Counterclaim-Defendant.

**CASE NO. 2:26-cv-04098-PD**

**REPLY OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT STUBBS ALDERTON & MARKILES, LLP TO DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO MOTION TO DISMISS THE COUNTERCLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND CALIFORNIA CODE OF CIVIL PROCEDURE § 340.6(a)**

**DATE:** August 7, 2026
**TIME:** 10:00 a.m.
**COURTROOM:** 580, 5th Floor

**Counterclaim Filed: April 23, 2026**
**Trial Date: None Set**

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

## TABLE OF CONTENTS

I. Introduction .......... 5

II. Legal Argument .......... 6

A. Honor Society failed to meet their burden of showing why the application of Mississippi or Nevada law will further the interests of those states. .......... 7

1. Only California has an interest in applying its law because the forum of this action is in California and SAM and its partners are residents of California. .......... 8

2. To the extent that Mississippi has an interest in applying its law in this case, its application would significantly impair California's interest in preventing the prosecution of stale claims. .......... 10

3. Nevada does not have an interest in applying its law in this case just because Honor Society (the entity) is a Nevada corporation and Moradian is a Nevada resident. .......... 13

B. Under California law, Honor Society's claims are stale because they waited to file their Counterclaim until after the limitation period had run. .......... 13

C. Honor Society's claims are insufficiently plead because they erroneously apply Mississippi law. .......... 15

1. The Breach of Contract claim is insufficiently pled. .......... 15

2. The Tortious Breach of Contract claim is insufficiently pled. .......... 15

3. The Breach of Covenant of Good Faith and Fair Dealing claim is insufficiently pled. .......... 15

4. The Money Had and Received claim is insufficiently pled. .......... 16

5. The Accounting claim is insufficiently pled. .......... 16

D. Honor Society cannot plead around their time barred claims. .......... 16

III. Conclusion .......... 17

## TABLE OF AUTHORITIES

Cases ........ Page(s)

*Aalmuhammed v. Lee*, 202 F. 3d 1227 (9th Cir. 2000) ........ 12

*Akhlagpour v. Orantes*, 86 Cal. App. 5th 232 (2022) ........ 12, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 16

*Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790 (Cal. Ct. App. 1982) ........ passim

*Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439 (Cal. Ct. App. 2013) ........ 16

*Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364 (Miss. 2011) ........ 7

*Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915 (Cal. Ct. App. 2013) ........ 15

*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371 (Cal. Ct. App. 1990) ........ 16

*Channel v. Loyacano*, 954 So. 2d 415 (Miss. 2007) ........ 7

*CRS Recovery, Inc. v. Laxton*, 600 F. 3d 1138 (9th Cir. 2010) ........ 5, 6, 10

*Deutsch v. Turner Corp.*, 324 F. 3d 692 (9th Cir. 2003) ........ 6

*Erlich v. Menezes*, 21 Cal. 4th 543 (Cal. 1999) ........ 15

*Flake v. Neumiller & Beardslee*, 9 Cal. App. 5th 223 (Cal. Ct. App. 2017) ........ 14

*Henderson v. Super Ct.* is inapposite., 77 Cal. App. 3d 583 (Cal. Ct. App. 1978) ........ 10

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

*HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*,
No. 22-cv-04109, 2023 WL 1768120 (N.D. Cal. Feb. 3, 2023) ................................ 6

*Lee v. Hanley*,
61 Cal. 4th 1225 (Cal. 2015) ................................ 14

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
139 F. Supp. 3d 1141 (E.D. Cal. 2015) ................................ 6

*McCann v. Foster Wheeler LLC*,
48 Cal. 4th 68 (Cal. 2010) ................................ 7

*Nelson v. International Pain Co.*,
716 F. 2d 640 (9th Cir. 1983) ................................ 5, 8

*Nguyen v. Ford*,
49 Cal. App. 5th 1 (Cal. Ct. App. 2020) ................................ 14

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
522 F. 3d 1049 (9th Cir. 2008) ................................ 16

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
223 Cal. App. 4th 1105 (Cal. Ct. App. 2014) ................................ 16

*Rustico v. Intuitive Surgical, Inc.*,
424 F. Supp. 3d 720 (N.D. Cal. 2019) ................................ passim

*Sweden v. Nowacki*,
No. 14-CV-1259, 2015 WL 5165293 (S.D. Cal. Aug. 28, 2015) ................................ 9

*Theranos, Inc. v. Fuisz Pharma LLC*,
876 F. Supp. 2d 1123 (N.D. Cal. 2012) ................................ 7, 11

<u>Statutes</u>

Cal. Code Civ. Proc. § 340.6 ................................ passim

Miss. Code Ann. § 15-1-49 ................................ 7

Nev. Rev. Stat. § 11.207 ................................ 7, 13

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6) ................................ 1, 6

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Honor Society's[1] claims are time barred and must be dismissed. In their Opposition, Honor Society failed to establish (i) that Mississippi or Nevada law should apply because neither state has an interest in applying its laws in this forum, and (ii) that applying either state's law would not impair California's interests. That burden is theirs alone, and they have not met it.

SAM, as Counterclaim-Defendant, is a California limited liability partnership, its partners are all California residents (Dkt. 4, ¶ 3), the work at issue was performed in California, and the action to collect the fees and costs due from Honor Society was filed in California state court and later removed by Honor Society to this Court (Dkt. 1). Thus, California has a strong interest in applying its law to the within matter. *Nelson v. International Pain Co.*, 716 F. 2d 640, 645 (9th Cir. 1983) (citing *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790 (Cal. Ct. App. 1982)).

Applying California law is the default rule. *CRS Recovery, Inc. v. Laxton*, 600 F. 3d 1138, 1141 (9th Cir. 2010). Only when a true conflict exists do courts consider which state would be more impaired upon application of a foreign state's laws. To show a true conflict, Honor Society must show that Mississippi or Nevada has an interest in applying its substantive law here. But Honor Society has failed to do so, as a state has no interest in applying its law if the forum is not in that state and none of the defendants (here Counterclaim- Defendants) are residents of that state. *Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 729 (N.D. Cal. 2019).

Even if Honor Society established that Mississippi or Nevada has an interest in applying its laws, only California's interests would be impaired by subordinating them to a foreign state's laws. This would frustrate California's policy of preventing the prosecution of stale claims in its courts and against its residents. *Ashland Chem. Co.*,

---

[1] All defined terms used in this Reply have the same meaning ascribed to them in SAM's Motion unless otherwise specified.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

129 Cal. App. 3d at 794.

Honor Society erroneously argues that under Mississippi law, their claims are sufficiently pled. Because California law applies, that argument is without merit and all of Honor Society's claims are insufficiently pled.

Accordingly, this Court should grant the Motion and dismiss the Counterclaim with prejudice.

## II. <u>Legal Argument</u>

"'A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint.'" *HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, No. 22-cv-04109, 2023 WL 1768120, at *3 (N.D. Cal. Feb. 3, 2023) (citation omitted). Thus, a "defendant's counterclaims are held to the same pleading standard as plaintiff's complaint." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1157 (E.D. Cal. 2015).

When "a federal district court sits in diversity to hear state law claims," the default rule is to apply the substantive state law of the forum where the action is filed, particularly in matters relating to the determination of the applicability of the statute of limitations. *CRS Recovery, Inc.*, 600 F. 3d at 1141. "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." *Deutsch v. Turner Corp.*, 324 F. 3d 692, 716 (9th Cir. 2003). Honor Society contends that this Court, sitting in California, should apply the laws of Mississippi or Nevada when considering the motion before it. As such, Honor Society has the burden of showing that the "foreign rule of decision will further the interests of" either Mississippi or Nevada. *CRS Recovery, Inc.*, 600 F. 3d at 1142.

To meet their burden, Honor Society must establish that Mississippi or Nevada has a greater interest in applying its law than California. The first step is to determine whether there is a difference between the various states' laws. *Theranos, Inc. v. Fuisz Pharma LLC*, 876 F. Supp. 2d 1123, 1130 n.7 (N.D. Cal. 2012) (citing *McCann v.*

*Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (Cal. 2010)). Mississippi, Nevada, and California all have different statutes setting forth the limitations period to pursue claims arising from legal representation. Cal. Code Civ. Proc. § 340.6(a) (one year statute of limitations); *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 369 (Miss. 2011) (citing *Channel v. Loyacano*, 954 So. 2d 415, 420 (Miss. 2007); Miss. Code Ann. § 15-1-49) (three year statute of limitations); Nev. Rev. Stat. § 11.207 (two year statute of limitations). The second step is to determine whether a true conflict exists. *Theranos, Inc.*, 876 F. Supp. 2d at 1130 n.7. However, there is no true conflict if only one state has an interest in applying its law. *Rustico*, 424 F. Supp. 3d at 729. Only California has an interest because the forum is in its state and SAM and its law firm partners are residents of that state. *Id.* As such any further analysis should end there. *Id.* ("when only one forum has an interest in the application of a statute of limitations, the conflict is 'false,' and the Court need not proceed to the third step of the analysis").

Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd.
21st Floor
Sherman Oaks, California 91403

### A. <u>Honor Society failed to meet their burden of showing why the application of Mississippi or Nevada law will further the interests of those states.</u>

A threshold question is whether Mississippi or Nevada has any interest in applying its law in this forum. A state has an interest in applying its law when the forum is in that state and the defendants are residents of that state. *Ashland Chem. Co.*, 129 Cal. App. 3d at 794. The court's reasoning in *Ashland* is instructive:

> Here California is the only interest state. Statutes of limitations are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost[.] [Citation omitted.] Here California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident. Applying California's statute of limitations would thus advance its underlying policy. In choice of law terms, California has an "interest" in applying its law. In contrast,

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

> Kentucky has no interest in having its statute of limitations applied here there are no Kentucky defendants and Kentucky is not the forum. This case, like *Reich v. Purcell*, *supra*, is "the very paradigm of the false conflict." [Citation omitted.] The court properly applied California law. *Id.*

Said differently, a state does not have an interest in applying its law when none of the defendants are residents of that state and the forum is not in that state. *Rustico*, 424 F. Supp. 3d at 729.

In their Opposition, Honor Society ignores *Ashland* and *Rustico* and instead focuses their analysis on a federal district court's interest in regulating attorneys practicing in their courts, SAM's representation of Honor Society in the Miss. Action, and Honor Society's residency in Nevada. (Dkt. 17, pp. 8-9.) But Honor Society has no connection with Mississippi other than being sued in the underlying Miss. Action. They have failed to allege residency in Mississippi or that they conduct business in Mississippi. Moreover, this Court does not sit in Mississippi or Nevada. As such, Honor Society has failed to meet their burden of showing why either state has a greater interest than California in applying its laws in this forum.

**1. Only California has an interest in applying its law because the forum of this action is in California and SAM and its partners are residents of California.**

Honor Society argues that there is a true conflict of laws between Mississippi, Nevada, and California. Although the statute of limitations for claims arising from legal services is different in these states, that does not present a true conflict as only California has an interest in "having its statute of limitations applied." *Nelson v. International Pain Co.*, 716 F. 2d 640, 645 (9th Cir. 1983) (citing *Ashland Chem. Co.*, 129 Cal. App. 3d at 794). As Honor Society points out, courts are "less likely to find a true conflict when there are no defendants from the foreign state and the foreign state is not the forum." *Sweden v. Nowacki*, No. 14-CV-1259, 2015 WL 5165293, at *5 (S.D. Cal. Aug. 28, 2015). Honor Society cites no authority establishing a true conflict on these facts.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

The cases that Honor Society cites are either distinguishable or inapposite.

- In *Sweden*, the district court applied *Sweden*'s statute of limitations over California's to enforce a student loan debt, as Sweden's interest would be more impaired if it was unable to enforce a loan against a student borrower. No. 14-CV-1259, 2015 WL 5165293, at *6-7. That court found there to be a true conflict as California had a strong interest in applying its statute of limitations to protect residents in its state from being subjected to stale claims, while Sweden had a strong interest in applying its statute of limitations to "student loan collection actions." *Id.* at *6.
- In *Francis v. Lesko*, the district court ruled that Florida's statute of limitations for assault and battery and false imprisonment applied over California's statute of limitations for the same. No. SACV 08-0990, 2009 WL 10699437, at *3-4 (C.D. Cal. March 3, 2009). In that case, the court found that a true conflict existed between Florida and California as the states had differing statute of limitations for the above claims, and the defendant was not a California resident. *Id.* at *2. The court goes on to say a forum state's interest in applying its own statute of limitations weakens when, as in that case, the defendant was not a California resident. *Id.*
- In *Ledesma v. Jack Stewart Produce, Inc.*, the Ninth Circuit applied Arizona law because "California ha[d] little interest in applying its statute of limitations when no California defendant [was] involved and when California plaintiffs [sought] to recover for injuries that occurred in a state in which the claim was not time-barred." 816 F. 2d 482, 486 (9th Cir. 1987) (brackets added).
- *Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* is inapposite because it addressed "whether a standard choice-of-law provision […] incorporates the statutes of limitations of the chosen

state." 38 Cal. App. 4th 1532, 1536 (Cal. Ct. App. 1995)

- *Henderson v. Super Ct.* is inapposite. 77 Cal. App. 3d 583 (Cal. Ct. App. 1978). The issues on appeal involved "the validity of jurisdiction" through personal service on a nonresident defendant outside of California, and the convenience of the California forum. *Id.* at 588.

None of these cases apply. Unlike *Sweden*, *Francis*, or *Ledesma*, this case involves a California based law firm headquartered in Sherman Oaks, California. (Dkt. 4, ¶ 3.) SAM has no other law offices in any state. And while SAM rendered legal services to Honor Society in connection with the Miss. Action it did so for the most part in California. (*See* Dkt. 4, ¶ 3.)

Nor is this case like *Francis* or *Ledesma*, where none of the defendants were residents of California. SAM as the Counterclaim-Defendant, is resident in California as are its partners. (Dkt. 4, ¶ 3.) Rather, this case presents the standard fact pattern for when California law applies—when the forum is in California and when the defendant is a California resident. *Rustico*, 424 F. Supp. 3d at 728 ("under California law, where California is the forum and the only defendant is a California resident, California is the only interested state" (citation modified)).

Ultimately, Honor Society had the burden of showing that a true conflict exists between Mississippi, Nevada, and California law. *CRS Recovery, Inc.*, 600 F. 3d at 1142. But they fell short because they failed to show that either Mississippi or Nevada had an interest in applying its laws in this case. California law should thus apply.

**2. To the extent that Mississippi has an interest in applying its law in this case, its application would significantly impair California's interest in preventing the prosecution of stale claims.**

Honor Society argues that Mississippi has an interest in applying its law because the United States District Court for the Southern District of Mississippi has an interest in regulating attorneys that practice before it. (Dkt. 17, p. 8:1-18.) But a

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

federal district court's interest in regulating the attorneys that appear in its courts has no bearing on the issue of which state law applies. *See Theranos, Inc.*, 876 F. Supp. 2d at 1130 n.7 (the governmental interest analysis does not include a step analyzing a federal district court's interest). Not to mention, SAM's representation of Honor Society in the Miss. Action is not a factor that courts consider under the governmental interest analysis. *See id.* By doing so, Honor Society impliedly argues that federal district courts are proxies of the states in which they sit in. (*See* Dkt. 17, p. 8:1-18.) They do not cite any law in support of this proposition, nor do they explain the nexus between these two interests. The only argument Honor Society makes on this point is that federal district courts regulate attorneys appearing before them. (*Id.*) Nothing more.

Honor Society claims that they "were required to assert their counterclaims in this forum," which is why all the cases cited by SAM regarding the statute of limitations issues are distinguishable. (Dkt. 17, p. 9:13-p. 10:5.) Interestingly, however, they have not contested this Court's jurisdiction or asserted such an affirmative defense. (*See* Dkt. 4, pp. 5-6.) They have also not filed any motion to change the venue to either a federal district court in Mississippi or Nevada. They have therefore acquiesced to this Court's jurisdiction.

Mississippi has no interest in protecting Counterclaim-Plaintiffs, whom are not citizens of Mississippi. But if Mississippi had an interest in this matter (which it does not), applying its three-year statute of limitations would substantially impair California's interest in protecting its citizens against time barred claims. What is really before this Court is Honor Society trying to find a way to sustain its time barred counter-claims which are barred under California law.

As set for the above, California's applicable statute of limitations is one year and that time began to run when Honor Society discovered or should have discovered the facts essential to their claims against SAM. *Akhlagpour v. Orantes*, 86 Cal. App. 5th 232, 255 (2022); Cal. Code Civ. Proc. § 340.6(a). Honor Society alleges in their

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Counterclaim that they discovered SAM's alleged overbilling in early 2024 and that, as a result, they retained a new law firm in March 2024. (Dkt. 4, ¶ 22.) The limitations period therefore began running in or around March 2024, when Honor Society admittedly discovered facts giving rise to potential claims, rather than August 27, 2024, which Honor Society posits is the appropriate date from which to determine that running of the statute of limitations. (Dkt. 17, n.1). By the time they filed their Counterclaim on April 23, 2026, more than one year had elapsed such that their claims were time barred. Applying Mississippi's three-year statute of limitations, would permit the prosecution of stale claims in a California court against California residents, which is what California law is designed to prevent. *See Ashland Chemical Co.*, 129 Cal. App. 3d at 341.

*Aalmuhammed v. Lee*, 202 F. 3d 1227 (9th Cir. 2000) supports this outcome. In that case, the plaintiff alleged the defendants accepted his services, while he performed "[a]ll the services" in New York and in Egypt. *Aalmuhammed*, 202 F. 3d at 1236. The defendants moved to dismiss on the basis that the plaintiff's claims were time barred under California law. *Id.* But New York had a longer statute of limitations. Finding a true conflict between New York and California law, the Ninth Circuit ruled that the former state's laws applied because it found that the plaintiff's claims' connection to New York were "considerably more substantial, immediate and concrete than California's." *Id.* at 1237. Here, Honor Society never once alleged that SAM performed all its legal services in Mississippi, nor could they as SAM has one law office located in Sherman Oaks, California. (*See* Dkt. 4, ¶ 3.) To also further distinguish *Aalmuhammed*, Honor Society's nexus with Mississippi was that they were sued there by the plaintiff in the Miss. Action; their presence there had nothing to do with SAM. *Cf.* 202 F. 3d at 1237 (Finding that "New York's interest in governing the remedies available to parties working in New York is far more significant."). As such, California's interests would be more impaired than Mississippi's if Mississippi law were applied.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**3. Nevada does not have an interest in applying its law in this case just because Honor Society (the entity) is a Nevada corporation and Moradian is a Nevada resident.**

Honor Society contends that Nevada has an interest in applying its law because Honor Society (including its principal Moradian) are residents of Nevada. (Dkt. 17, p. 9:8-12.) As with Mississippi, Nevada has no interest here because SAM and its partners are not residents of Nevada and the forum is not in Nevada. *See Rustico*, 424 F. Supp. 3d at 729.

Even so, application of Nevada law would not change the outcome that Honor Society's claims are time barred. Nevada has a two-year statute of limitations for claims arising from legal services. Nev. Rev. Stat. § 11.207. Honor Society's claims began to accrue in or around March 2024, rather than the August 27, 2024 date proffered by Honor Society. The analysis and reasoning as to the date of commencement is the same as well. Honor Society discovered or should have discovered the facts essential to their claim against SAM, all of which they alleged occurred in or around March 2024 when Honor Society discovered SAM's alleged overbilling and decided to retain new counsel thereafter. (Dkt. 4, ¶ 22.) Applying Nevada's two year statute of limitations reaches the same result as if California law were applied because Honor Society's claims expired on March 2026 (Nev. Rev. Stat. § 11.207), and their Counterclaim was not filed until April 23, 2026.

**B. <u>Under California law, Honor Society's claims are stale because they waited to file their Counterclaim until after the limitation period had run.</u>**

Under California Code of Civil Procedure section 340.6(a), the statute of limitations for "claims against an attorney for a wrongful act or omission, other than fraud, arising in the performance of professional services" is one year. The phrase professional services broadly encompasses "nonlegal services governed by an attorney's professional obligations," which may include "accounting, bookkeeping,

and holding property in trust." *Lee v. Hanley*, 61 Cal. 4th 1225, 1236 (Cal. 2015). Honor Society completely ignores this definition of professional services in *Lee*. They say that their claims do not "necessarily rely on the violation of a professional obligation." (Dkt. 17, p. 15:15-16.) But that does not make any sense when the facts giving rise to their claims arose from legal services rendered by SAM. Throughout the Counterclaim, Honor Society consistently alleges that SAM employed a failed legal strategy, switched eDiscovery platforms, and overbilling. All of which occurred in SAM's representation of Honor Society in the Miss. Action.

Pursuant to Section 340.6(a), the one-year period began to run in or around March 2024 when Honor Society alleged it "became apparent to [them] that [SAM] was billing excessively for little value" and when Honor Society retained another law firm as a result. (Dkt. 4, ¶ 22.) But Honor Society argues that the "clock did not start until" SAM's attorneys' withdrew as counsel in the Miss. Action on August 27, 2024. (Dkt. 17, n.1.) Under Section 340.6(a), the statute of limitations began to run when Honor Society discovered or should have discovered the facts essential to their claims against SAM. *Akhlagpour*, 86 Cal. App. 5th at 255. Further, Honor Society concedes that SAM effectively terminated its representation in or around May 2024. (Dkt. 4, ¶ 23.) Under unassailable California law, any tolling ceased as of May 2024. *See Flake v. Neumiller & Beardslee*, 9 Cal. App. 5th 223, 226-27 (Cal. Ct. App. 2017); *see also Nguyen v. Ford*, 49 Cal. App. 5th 1, 12 (Cal. Ct. App. 2020). "To determine whether the continuous representation exception applies, "'[t]he inquiry is not whether an attorney-client relationship still exists but when the representation of the specific matter terminated." *Nguyen* at 12. "Therefore, whether termination of representation has ended for purposes of Section 340.6(a)(2) does not depend on whether the attorney has formally withdrawn from representation, such as by securing a court order granting permission to withdraw." *Id*. at 13. Given that, Honor Society's claims expired in or around March 2025 and certainly no later than May 2025. As such, the Counterclaim filed on April 23, 2026 is time barred and should be dismissed.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**C. <u>Honor Society's claims are insufficiently plead because they erroneously apply Mississippi law.</u>**

Honor Society doubles down on their claims. They contend that under Mississippi law, they sufficiently allege the essential factual elements for each claim. However, the premise of their claim is wrong because Mississippi law does not (and should not) apply.

**1. The Breach of Contract claim is insufficiently pled.**

First, Honor Society fails to allege that they performed or were excused from performance of their obligations. *See Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 922 (Cal. Ct. App. 2013). Second, Honor Society claims that they allegedly overpaid for legal services rendered. But they failed to allege facts that they paid for services that they did not receive.

**2. The Tortious Breach of Contract claim is insufficiently pled.**

"[C]onduct amounting to a breach of contract becomes tortious only when it violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (Cal. 1999) (brackets added). Honor Society alleges that SAM "intentionally and knowingly" breached the contract through its invoices, and putting its financial interests over Honor Society's. (Dkt. 4, ¶¶ 38-40.) But adding the terms intentional and knowing are not facts that show a duty independent from SAM's contract with Honor Society. *See id.* Simply adding the words "intentionally and knowingly" do not give rise to tortious conduct.

**3. The Breach of Covenant of Good Faith and Fair Dealing claim is insufficiently pled.**

Similarly, Honor Society alleges no facts beyond those supporting their breach of contract claim. Adding words like "intentionally, willfully, wantonly, and/or in reckless disregard" do not give rise to an independent cause of action. Honor Society's failure to do so renders its claim superfluous. *Careau & Co. v. Security Pacific*

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

*Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (Cal. Ct. App. 1990).

**4. The Money Had and Received claim is insufficiently pled.**

Honor Society fails to allege, among other elements, that the money had and received by SAM was for the use of the plaintiff. *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (Cal. Ct. App. 2013). Payments made by Honor Society to SAM were for legal services already rendered, not legal services *to be* rendered. SAM has not been paid funds for Honor Society's benefit as opposed to its separate obligation to pay for services rendered.

**5. The Accounting claim is insufficiently pled.**

Only the facts alleged in the Counterclaim are at issue on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Honor Society has failed to allege facts showing "an [1] unliquidated and [2] unascertained amount [3] owing that [4] cannot be determined without an examination of the debits and credits on the books to determine what is due and owing." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1136-37 (Cal. Ct. App. 2014) (brackets added and citation omitted). Thus, Honor Society's Accounting claim is insufficiently pled.

**D. <u>Honor Society cannot plead around their time barred claims.</u>**

The Opposition is devoid of facts and law that would enable Honor Society to resuscitate their stale claims. They have failed to meet their burden of showing that California law does not apply to this matter or that Mississippi or Nevada has an interest in applying its laws here, and that not applying those laws here would impair those states' interests. Honor Society had one year from March 2024 and certainly no later than May 2025, to file their Counterclaim. Honor Society cannot now plead around the fact that they filed their Counterclaim on April 23, 2026. Accordingly, this Court should not grant Honor Society leave to amend their Counterclaim. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F. 3d 1049, 1060 (9th Cir. 2008).

/ / /

/ / /

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

## III. Conclusion

Therefore, this Court should grant the Motion and issue an Order dismissing the Counterclaim with prejudice.

Respectfully submitted,

DATED: July 24, 2026

**STUBBS, ALDERTON & MARKILES, LLP**

By: */s/ Jeffrey F. Gersh*
Jeffrey F. Gersh
Jose A. Meneses

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

DATED: July 24, 2026

**NEMECEK COLE**

By: */s/ Michael Feenberg*
Michael Feenberg

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Stubbs Alderton & Markiles, LLP, certifies that this brief contains 4,141 words, which complies with the word limit of L.R. 11-6.1 and the Court's Initial Standing Order.

DATED: July 24, 2026

By: */s/ Jeffrey F. Gersh*
Jeffrey F. Gersh