**NEMECEK COLE**
Michael Feenberg (SBN 185450)
mfeenberg@nemecek-cole.com
16255 Ventura Blvd., Suite 300
Encino, CA 91436
Tel. (818) 788-9500

**STUBBS ALDERTON & MARKILES, LLP**
Jeffrey F. Gersh (SBN 87124)
jgersh@stubbsalderton.com
Jose A. Meneses (SBN 346449)
jmeneses@stubbsalderton.com
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
Tel. (818) 444-9222

Attorneys for Plaintiff and Counterclaim-Defendant,
Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,<br><br>Defendants, | **CASE NO. 2:26-cv-04098-PD**<br><br>**JOINT RULE 26(f) REPORT** |
| HONORSOCIETY.ORG INC.; MICHAEL MORADIAN,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>STUBBS ALDERTON & MARKILES, LLP,<br><br>Counterclaim-Defendant. | **DATE:** **August 3, 2026**<br>**TIME:** **1:30 p.m.**<br>**COURTROOM:** **580, 5th Floor** |

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Pursuant to the Fed. R. Civ. P. 26(f) and Local Rule 26 and the Court's Order Setting Scheduling Conference (Dkt. 10), Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP ("Plaintiff" or "SAM"), and Defendants and Counterclaim-Plaintiffs HonorSociety.Org Inc. and Michael Moradian (collectively, "Defendants" or "Honor Society"), by and through their undersigned counsel, submit the following Joint Rule 26(f) Report. The parties are filing this Joint Rule 26(f) Report following the meeting of counsel held on July 8, 2026.

The positions set forth in this Report are based on counsels' current understanding of the legal and factual issues involved in the case. The parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve. Counsel met and conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to arrange for the disclosures required by Local Rule 26, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the following:

# I. STATEMENT OF THE CASE

## A. Complaint

SAM's Statement

SAM is law firm headquartered in Sherman Oaks, California. Honor Society retained SAM to represent them in the lawsuit titled *Phi Theta Kappa Honor Society v. HonorSociety.Org, Inc. and Michael Moradian*, Case No. 3:22-cv-208-CWR-FKB in the United States District Court, Southern District of Mississippi ("Miss. Action"). SAM represented Honor Society in the Miss. Action, with the assistance of local Mississippi counsel[1], from May 2022 through late April/May 2024. In connection with that representation, Honor Society incurred fees and costs for legal services. Honor Society has failed to pay SAM for all fees and costs incurred. To date, Honor

[1] The primary SAM attorneys involved in the Miss. Action—Daniel Rozansky and Michael Bernet—were admitted pro hac vice therein.

Society owes SAM $486,221.45 for such legal services, plus pre-judgment interest.

On February 25, 2026, SAM filed a Complaint against Honor Society in the case titled *Stubbs Alderton & Markiles, LLP v. HonorSociety.Org Inc., et al.*, Case No. 26VECV01141 in the Superior Court of California, County of Los Angeles. (Dkt. 1-2.) SAM sued Honor Society for Breach of Contract, Open Book Account, Account Stated, and Quantum Meruit. (*Id.*) Honor Society removed that lawsuit to the Central District on April 16, 2026. (Dkt. 1.)

Honor Society's Statement

Honor Society retained SAM to represent them in the Miss. Action. Honor Society paid SAM significant sums for this representation, which they later learned was the result of excessive and wasteful billing that should not have been charged to them. SAM also made numerous errors in its representation that materially harmed Honor Society's litigation position in the Miss. Action. In March 2024, Honor Society retained the services of the firm Newman LLP to take over as lead counsel. In email correspondence with opposing counsel in the Miss. Action, SAM claimed that its "involvement in the case effectively ceased by late April/May 2024" so that it could avoid a threatened motion for sanctions. Despite this claim, SAM continued billing Honor Society for hundreds of thousands of dollars of work it allegedly performed from March to August 2024. Honor Society dispute that this work was performed at all and, even if it was, this work was excessively billed. Honor Society paid SAM amounts well in excess of the damages sought here for its representation in the Miss. Action, and have already paid SAM all amounts reasonably billed.

## B. Counterclaim

SAM's Statement

In an apparent attempt to leverage its intent to avoid paying SAM, Honor Society filed a Counterclaim against SAM. They allege in substantial part that SAM employed a failed legal strategy, overbilled Honor Society, and transferred eDiscovery platforms during the pendency of the litigation, which somehow resulted in increased




STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

costs to Honor Society or inefficiencies in document management. The Counterclaim has no merit. SAM contends that Honor Society's Counterclaim is just being used by them as leverage to escape from paying SAM what it is due. Moreover, as set forth more fully in its Motion to Dismiss filed on June 29, 2026 (*see* Dkt. 13), Honor Society's Counterclaim is time barred and should be dismissed in its entirety.

Honor Society's Statement

SAM excessively billed Honor Society for its services in the Miss. Action and billed Honor Society for work that should never have been charged to them, including migration of eDiscovery platforms mid-litigation that caused a large volume of duplicative and unnecessary work, as well as grossly inefficient staffing decisions and over-staffing the case. SAM did not inform Honor Society of the eDiscovery migration and billing practices ahead of time and Honor Society did not consent to being billed in this manner. SAM also filed several motions and other filings that were unnecessary and actively harmed Honor Society's litigation position and, despite these services providing no value to Honor Society, fully billed Honor Society for this work. SAM claimed that shortly after it was replaced as lead counsel in the Miss. Action, its involvement in the litigation had "effectively ceased," yet it continued to bill Honor Society hundreds of thousands of dollars in attorneys' fees. Unless SAM was lying about its involvement in the case having effectively ceased, the only conclusion to draw is that SAM either did not perform the work it billed for from March to August 2024, or excessively billed for it. SAM's conduct resulted in Honor Society mistakenly over-paying for its services in the Miss. Action. Such conduct amounts to a breach of contract, tortious breach of contract, and breach of SAM's duty of good faith and fair dealing, and entitles Honor Society to an accounting and a return of money had and received.

## II. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related state law claims and counterclaims that arise from the same case or controversy.

This Court's jurisdiction over the Complaint and Counterclaim is not disputed.

## III. LEGAL ISSUES

SAM alleges the following claims in its Complaint:

(1) Breach of Contract;

(2) Open Book Account;

(3) Account Stated; and

(4) Quantum Meruit.

Honor Society alleges the following in their Counterclaim:

(1) Breach of Contract;

(2) Tortious Breach of Contract;

(3) Breach of Covenant of Good Faith and Fair Dealing;

(4) Money Had and Received; and

(5) Accounting.

On June 29, 2026, SAM filed its Motion to Dismiss the Counterclaim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and California Code of Civil Procedure section 340.6(a). (Dkt. 13.) SAM's motion was initially noticed for hearing on July 31, 2026. Counsel for the parties have filed a Stipulation to continue the hearing date on the motion and related deadlines. (Dkt. 14.) On July 13, 2026, the Court granted the continuance and continued the hearing on the motion and related deadlines from July 31, 2026, to August 7, 2026. (Dkt. 16.) SAM contends that the Counterclaim is time-barred by the one-year limitations period pursuant to California Code of Civil Procedure section 340.6(a) (this statute sets forth a one-year statute of limitations for a client to pursue claims against his attorney for the legal services rendered to the client). Because Honor Society filed their claims against SAM more than one year after the limitations period expired, their claims are stale. And the Court should

dismiss their Counterclaim in its entirety. Honor Society argue that Mississippi and Nevada have a stronger government interest in this dispute, and that their claims are not time-barred under either Mississippi or Nevada law. And as the counterclaims are adequately pled, none of them should be dismissed.

This case will likely involve a significant volume of electronically stored information ("ESI") and evidence, and the parties intend to agree to a detailed ESI protocol to address any issues posed by same.

## IV. PARTIES, EVIDENCE, ETC.

Parties

(1) Stubbs Alderton & Markiles, LLP

(2) HonorSociety.Org, Inc.

(3) Michael Moradian

Additional Witnesses

(1) Daniel Rozansky

(2) Michael Bernet

(3) Kevin DeBre

(4) Monique Gonzaque-Dirks

(5) Jose Meneses

(6) Brian Hall

(7) Taylor Osher

(8) Alexander Manglinong

(9) Derek A. Newman

(10) Derek Linke

Employees at Various Corporate Entities

(11) Persons Most Qualfied on behalf of HonorSociety.Org, Inc.

(12) Persons Most Qualified on behalf of Stubbs Alderton & Markiles, LLP

(13) Person Most Qualified on behalf of Newman LLP

Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd.
21st Floor
Sherman Oaks, California 91403

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Conflict Matters

SAM has no subsidiaries, parents, or affiliated companies.

Honor Society have no subsidiaries, parents or affiliated companies.

## V. DAMAGES

SAM's Position

SAM estimates that the principal amount of its damages are at least $486,000.00, plus interest and costs. SAM disputes that it is liable to Honor Society for any amount whatsoever.

Honor Society's Position

Honor Society have already paid SAM over $1 million for its services in the Miss. Action and have paid all amounts that were reasonably billed. In fact, they have overpaid SAM and are entitled to a return of these overpayments. SAM's litigation errors in the Miss. Action also caused damage in the form of wasted attorneys' fees and harm to Honor Society's litigation position, causing additional required work.

## VI. INSURANCE

SAM's Position

Not applicable.

Honor Society's Position

Honor Society are in the process of determining whether an insurance policy may cover their defense against SAM's claims in this matter.

## VII. MOTIONS

SAM's Position

At this time, SAM does not anticipate filing any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction. SAM may later file discovery motions.

Honor Society's Position

Same as SAM's position.

/ / /

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

## VIII. DISPOSITIVE MOTIONS

SAM's Position

SAM's Motion to Dismiss filed on June 29, 2026, is pending. (*See* Dkt. 13.) SAM also anticipates the possibility of filing a motion for summary judgment.

Honor Society's Position

Honor Society also anticipate the possibility of filing a motion for summary judgment.

## IX. MANUAL FOR COMPLEX LITIGATION

The parties do not contemplate that this case will invoke any part of the complex litigation manual, pursuant to Local Rule 26-1(a).

## X. STATUS OF DISCOVERY

The parties have not yet engaged in written discovery, or served their initial disclosures, but intend to do so shortly. Moreover, the parties agree to comply with the schedule set forth in the attached Schedule of Pretrial and Trial Dates (*see infra* Exhibit A).

## XI. DISCOVERY PLAN

The parties have agreed to serve their initial disclosures by August 10, 2026. The parties do not currently anticipate any significant discovery management issues or believe any changes to the rules governing discovery are necessary.

The parties do not believe that discovery should be conducted in phases or otherwise limited. The parties believe that the Federal Rules of Civil Procedure should apply with respect to the limitations and procedures for written discovery, fact depositions, and expert depositions.

The parties anticipate that deponents will include the representatives of the parties, the timing of which has yet to be decided. The parties anticipate written discovery requests, including requests for admissions, document requests, and interrogatories pertaining to the issues raised in the pleadings, including without limitation the issues identified above in the "legal issues" section of this report.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

The parties agree to comply with the deposition limits identified in Federal Rule of Civil Procedure 30(a)(2)(A)(i) and agree to limit each deposition to seven (7) hours of testimony, exclusive of breaks.

The parties anticipate that they will file a joint stipulation for entry of a protective order because this case will require the disclosure of confidential, financial information, potential attorney-client privileged communications, and/or attorney work product.

The parties do not currently anticipate any issues concerning electronically stored information (ESI), preservation of discoverable information, or issues related to privileged materials; however, discovery has not yet been conducted.

The parties have agreed to service by e-mail of all discovery requests, responses and document productions.

The parties expect to complete fact discovery by no later than February 12, 2027 (*see infra* Exhibit A).

## XII. DISCOVERY CUT-OFF

The parties will conclude all non-expert discovery, including discovery motions, by February 12, 2027.

## XIII. EXPERT DISCOVERY

The parties anticipate that they each retain expert witnesses, including damages experts. The parties will disclose the identities of their respective experts by February 26, 2027. Expert discovery will be completed by March 19, 2026.

## XIV. SETTLEMENT CONFERENCE / ALTERNATE DISPUTE RESOLUTION ("ADR")

SAM's Position

SAM is amenable to ADR Procedure No. 3 wherein the parties participate in a private dispute resolution proceeding, pursuant to L.R. 16-15.4. SAM believes that ADR should be conducted in person as opposed to remotely to ensure that the parties are committed to the process.

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

<u>Honor Society's Position</u>

Honor Society are amenable to any of the ADR procedures suggested by L.R. 16-15.4. They are amenable to remote appearances for the sake of reducing expense, but they are not opposed to in-person proceedings.

## XV. TRIAL ESTIMATE

<u>SAM's Position</u>

Considering the Complaint and the Counterclaim, a bench trial will take approximately 5-10 days. If the Court dismisses the Counterclaim in its entirety, then the number of days will be reduced to approximately 4 days.

<u>Honor Society's Position</u>

Same position.

## XVI. TRIAL COUNSEL

<u>SAM's Position</u>

SAM currently intends to be represented at trial by Jeffrey F. Gersh, Jose A. Meneses, Michael Feenberg, and Steven L. Friedland.

<u>Honor Society's Position</u>

Honor Society currently intend to be represented at trial by Marc J. Randazza and Alex J. Shepard.

## XVII. OTHER ISSUES

The parties do not anticipate any other issues affecting the status or management of this case.

## XVIII. TIMETABLE

See the attached Exhibit A.

/ / /

/ / /

/ / /

/ / /

/ / /

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403

DATED: July 27, 2026

**STUBBS, ALDERTON & MARKILES, LLP**

By: *_/s/ Jeffrey F. Gersh_*
Jeffrey F. Gersh
Jose A. Meneses

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

DATED: July 27, 2026

**NEMECEK COLE**

By: *_/s/ Michael Feenberg_*
Michael Feenberg

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

DATED: July 27, 2026

**CAINE & WEINER COMPANY, INC.**

By: *_/s/ Steven L. Friedland_*
Steven L. Friedland

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

DATED: July 27, 2026

**RANDAZZA LEGAL GROUP, PLLC**

By: *_/s/ Alex J. Shepard_*
Marc J. Randazza
Alex J. Shepard

Attorneys for Defendants and Counterclaim-Plaintiffs HonorSociety.Org, Inc. and Michael Moradian

Pursuant to Local Rule 5-4.3.4(a)(2), the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing

DATED: July 27, 2026

**STUBBS, ALDERTON & MARKILES, LLP**

By: _/s/ Jeffrey F. Gersh_
Jeffrey F. Gersh
Jose A. Meneses

Attorneys for Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
21ST FLOOR
SHERMAN OAKS, CALIFORNIA 91403