MARC J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste B
Las Vegas, Nevada 89147
Telephone: 702-420-2001

*Attorneys for Defendants and Counterclaim-Plaintiffs*
*HonorSociety.org Inc. and Michael Moradian*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STUBBS ALDERTON & MARKILES, LLP,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>HONORSOCIETY.ORG INC.; MICHAEL MORADIAN; and DOES 1 to 10 inclusive,<br><br>Defendants and Counterclaim-Plaintiffs. | CASE NO. 2:26-cv-04098-PD<br><br>**Defendants and Counterclaim-Plaintiffs HonorSociety.Org Inc. and Michael Moradian's Response to Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP's Notice of Supplemental Authority [ECF No. 21]**<br><br>Date: August 7, 2026<br>Time: 10:00 a.m.<br>Courtroom: 580, 4th Floor<br>Hon. Patricia Donahue<br><br>Trial Date: June 21, 2027 |

Defendants and Counterclaim-Plaintiffs HonorSociety.org Inc. ("Honor Society") and Michael Moradian file their Response to Plaintiff and Counterclaim-Defendant Stubbs Alderton & Markiles, LLP's ("SAM") Notice of Supplemental Authority (ECF No. 21).



RANDAZZA | LEGAL GROUP

SAM's Notice claims to support its argument that violation of the Mississippi Rules of Professional Conduct "cannot be the basis of a civil liability." The quoted portion of the Rules' preamble states that "[v]iolation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached . . . Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty." ECF No. 21-1 at 6. This is hardly a unique provision: California Rule of Professional Conduct 1.0(b)(3) says materially the same thing.

This language would only potentially help SAM if the counterclaims were based solely on violations of the Mississippi Rules of Professional Conduct and did not allege that Counterclaim-Plaintiffs suffered any damages. While violation of the Rules, standing alone, may not give rise to civil liability, an attorney's violation of the rules may be evidence regarding their breach of a duty that does give rise to civil liability. *See Mirabito v. Liccardo*, 4 Cal.App.4th 41, 44 (1992); *Singleton v. Stegall*, 580 So. 2d 1242, 1245 (Miss. 1991) (noting "[t]hat an action may lie for the lawyer's breach of these duties [of competence and diligence] is settled"). The Counterclaim alleges that SAM breached its duties of competence and diligence (ECF No. 4 at Counterclaim ¶¶ 30-33), which also constituted breaches of its representation agreement with Counterclaim-Plaintiffs (*id.* at ¶ 34). Such breaches may give rise to civil liability.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

Dated: August 10, 2026.

Respectfully Submitted,

/s/ Alex J. Shepard
Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001

Attorneys for Defendants and Counterclaim-Plaintiffs, HonorSociety.org Inc., and Michael Moradian

Case No. 2:26-cv-04098-PD

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Alex J. Shepard
Alex J. Shepard

RANDAZZA | LEGAL GROUP